### SEEM *v.* CONSOLIDATED FUEL & LUMBER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIMITATION OF ACTIONS—TIME TO PRESENT CLAIM.

    Where an injured employee presented his claim for compensation within the time prescribed by the workmen's compensation act, and compensation for total disability was awarded him, which later, by agreement, was reduced in consideration of some employment furnished him, and conditionally affirmed by the department of labor and industry, his right to have the order reviewed is not barred by Comp. Laws Supp. 1922, § 5445, requiring claim to be made within two years from the date of the accident.[1]

2. SAME—RES ADJUDICATA—CONDITIONAL APPROVAL OF AGREEMENT REDUCING PAYMENTS.

    A conditional approval by the department of labor and industry of an agreement reducing the weekly payments to a totally disabled employee was not *res adjudicata,* depriving the department of further jurisdiction unless a showing of changed physical condition is made, where the department did not pass upon the employee's physical condition, but conditionally approved the agreement in recognition of the fact that the employer was paying him a salary as a night watchman.[2]

[1]Workmen's Compensation Acts, C. J. § 151 (Anno); [2]Id., C. J. § 151 (Anno).

Applicability of general statute of limitation to actions or proceeding under workmen's compensation acts, see note in 16 A. L. R. 462.

Right and extent of review of findings of commission under workmen's compensation acts, see notes in L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186.

Certiorari to Department of Labor and Industry. Submitted May 7, 1926.    (Docket No. 172.)    Decided June 7, 1926.

Ole Seem presented his claim for compensation against the Consolidated Fuel & Lumber Company for an accidental injury in defendant's employ: On petition of defendant to discontinue payments under an agreement.    From an order denying the petition, defendant brings certiorari.    Affirmed.

*Derham & Derham,* for appellant.

*M. J. Kennedy,* for appellee.

SNOW, J.    The case comes into this court on writ of certiorari to the department of labor and industry. A chronological statement of events will assist in a more ready understanding of the issues raised.

Plaintiff sustained his injury August 19, 1921.    The report of the accident was filed September 12th, following.    October 11, 1921, an agreement was entered into between the parties fixing compensation at $14 per week, which agreement was approved by the department October 15, 1921.    Compensation at this rate was paid by defendant until June 26, 1922.    On the 11th day of August, 1922, an agreement was executed providing for the payment of $7.20 per week during total disability, which was filed with the department August 14, 1922.    The department gave what may be termed conditional approval of this agreement, based upon plaintiff's return to temporary employment, as witnessed by a letter to both parties, among other things stating:

"The agreement which provides for the payment of compensation for partial disability at the rate of $7.20 per week has been passed upon and approved due to information in our file to the effect that the claimant

is now working as night watchman on a salary of $2.50 per night."

After this agreement plaintiff worked for defendant as night watchman at intervals, and in the fall of 1922 was hurt and did not go back to work until May, 1923. The defendant made no report of this accident to the department and paid no compensation for it. It did pay compensation at the rate of $7.20 per week, however, under the second agreement, for 16 weeks, from December 1, 1922, to March 22, 1923. His last work as night watchman was November 28, 1924, when he was refused further employment by defendant. He has done nothing since.

In June, 1925, plaintiff applied to the department for a certified copy of the agreement of August 11, 1922. This copy was issued and plaintiff secured a judgment in the circuit court for the county of Marquette, which was satisfied by defendant paying the sum of $1,008.

Thereupon, July 1, 1925, defendant filed its petition to stop compensation. Upon the hearing before a deputy commissioner the plaintiff was awarded compensation at the rate of $14 per week from and after June 23, 1925. On appeal to the department the order was modified, and it was provided plaintiff should receive compensation at said rate from and after November 28, 1924, the date he ceased work, instead of June 23, 1925.

The defendant now contends that plaintiff is not entitled to compensation because his claim is barred by the statute of limitations; also that the agreement of August 11, 1922, approved by the department, is *res adjudicata*, and that the department erred in awarding further compensation.

1. Statute of Limitations. Section 5445, 2 Comp. Laws 1915, as amended (Comp. Laws Supp. 1922, § 5445), provides, among other things, that claim for

compensation shall be made within six months after the injury; provided the disability does not develop until after six months from the date of the injury, when it may be made within three months after the disability becomes apparent.

"But no such claim shall be valid or effectual for any purpose unless made within two years from the date the accidental personal injury was sustained."

Counsel for defendant, claiming all right of action on the part of plaintiff is barred by this small statute, relies for authority upon *Millaley* v. *City of Grand Rapids*, 231 Mich. 10. There is no analogy between this case and the one at bar. In the *Millaley Case*, the widow of a police officer presented a claim for the accidental death of her husband more than six years after his injury. He had been paid compensation for the injury for a period of about eight months, when final report in his case was made, and thereafter for over six years he continued on active duty as a police captain.

An entirely different situation presents itself in the instant case. Here plaintiff was by agreement allowed compensation at the rate of $14 per week. Later by agreement it was reduced to $7.20 per week in consideration of the furnishing of some employment to him by defendant. This reduced compensation has been paid him, and the defendant by virtue of section 5467, 2 Comp. Laws 1915, as amended (Comp. Laws Supp. 1922, § 5467), petitioned the department for a review of the existing order. The order was reviewed, and $14 per week fixed as future compensation to be paid plaintiff. In the beginning the plaintiff presented his claim for compensation within the time prescribed by law. All subsequent proceedings have been in accord with the statute. The proceeding here reviewed is one of them. Neither the general statute of limitations respecting commence-

ment of personal injury actions, nor the special one provided in the workmen's compensation law, have anything to do with the instant case.

2. Is the agreement of August 11, 1922, as approved by the department *res adjudicata,* depriving it of further jurisdiction?   Appellant contends that the agreement referred to, providing for the payment of $7.20 weekly, was approved by the department, and that the award was based solely upon the physical condition of plaintiff which has not changed since that time.   That this award is, therefore, as provided by statute "final and binding" (2 Comp. Laws 1915, § 5458).

In the opinion filed by the department in the instant case, it is said:

"The answer to this contention is that the condition of the plaintiff at the time the agreement was made by the defendant did not warrant such an agreement, and it was not approved by the department on the ground that the plaintiff's condition had changed to an appreciable extent.   It is perfectly clear that so far as the approval of this agreement by the department goes, it was based solely and entirely upon the fact that the plaintiff was attempting to return to work as a watchman, and the defendant had agreed to give him work as a watchman."

The agreement for $7.20 per week was in fact not approved by the department excepting in and to the extent of recognition of the fact that plaintiff was working as a night watchman on a salary of $2.50 per night, and that the $7.20 rate was to be continued until the plaintiff was able to resume his regular duties, and until then he was to be given his night watchman employment.

The department has never been called upon to determine the exact physical condition of plaintiff until on defendant's application to it to stop further payment on the ground of recovery.   Under this applica-

tion the department had the authority to review the weekly payment defendant was bound to make (which authority must have been recognized by defendant when it filed its application for review), and to award compensation for total disability. if the plaintiff's physical condition was such that he was disabled from performing the work in which he was engaged at the time of the injury.    Such authority is recognized by the following cases:    *Norbut* v. *I. Stephenson Co.*, 217 Mich. 345; *Winn* v. *Adjustable Table Co.*, 193 Mich. 127; *Weidner* v. *Manufacturing Co.*, 205 Mich. 583; *Kirchner* v. *Michigan Sugar Co.*, 206 Mich. 459; *Foley* v. *Railway*, 190 Mich. 507; *Jameson* v. *Walter S. Newhall Co.*, 200 Mich. 514; *Geis* v. *Packard Motor Car Co.*, 214 Mich. 646.

As before stated, the record fairly discloses the fact that there never was an unconditional approval by the department of the settlement claimed for by defendant, and the authorities it relies upon therefore have no application.    The department was within its rights and authority in retaining jurisdiction, and determining future compensation.

Its findings are affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.