DAVIS *v.* HIGHLAND PARK DAIRY.

WORKMEN'S COMPENSATION—FINAL SETTLEMENT RECEIPT—FRAUD—
BLACKSMITH—REEMPLOYMENT.

Department of labor and industry, after it had entered absolute and unconditional order stopping compensation and approving final settlement receipt, has no jurisdiction thereafter to grant further compensation without a showing of subsequent change of condition notwithstanding statement of deputy commissioner that compensation was stopped on promise of reemployment at lighter work until able to resume trade as blacksmith, where employer would not so reemploy as insurer regarded employee a bad risk; remedy of plaintiff in such case being in equity.

Appeal from Department of Labor and Industry. Submitted January 17, 1935. (Docket No. 105, Calendar No. 38,181.) Decided April 9, 1935.

H. J. Davis presented his claim for compensation against Highland Park Dairy, employer, and Central Surety & Insurance Corporation, insurer, for injuries suffered while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Reversed.

*Joseph F. Sanford,* for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for defendants.

POTTER, C. J.   Plaintiff, a blacksmith employed by defendant, Highland Park Dairy, broke his arm November 8, 1933, while in its employ. The accident arose out of and in the course of plaintiff's em-

ployment. November 20, 1933, a report was filed by defendants of a compensable accident. December 13, 1933, an agreement was filed to pay plaintiff $12 a week during total disability. February 26, 1934, receipts were filed showing compensation paid to February 17, 1934. February 26, 1934, a petition to stop compensation was filed, an order of hearing entered thereon, and a hearing had March 30, 1934. March 31, 1934, an award was entered for $12 a week total disability from February 19, 1934, to March 31, 1934; and on the same date an order was entered stopping compensation. Compensation was paid to March 31, 1934, according to this award. June 25, 1934, a petition for further compensation was filed, and a hearing had on July 13, 1934. July 16, 1934, an award was made by the deputy commissioner in the sum of $6 a week from April 2, 1934, and $6 a week thereafter until the further order of the commission. Plaintiff claimed a review from the order of the deputy commissioner. October 19, 1934, an opinion was filed, and on the same day an order entered granting compensation at $12 a week from and after April 1, 1934.

Defendants seek review in the nature of certiorari, contending:

1.   That plaintiff failed to show a change of condition subsequent to the adjudication of March 31, 1934, and is not entitled to an award granting compensation following that date;

2.   Plaintiff having failed to take an appeal from the award of March 31, 1934, such award is *res judicata;*

3.   The department of labor and industry had no jurisdiction to reinstate the payment of compensation because of alleged mistake, misapprehension or deception.

(1) The record shows plaintiff's physician thought it would be better if plaintiff tried to work. At least, plaintiff was so advised by such physician. The defendant dairy company agreed plaintiff was to go back to work April 1, 1934, but when he applied for work after the order stopping compensation was entered, he was told the insurance company regarded him as a bad risk, and defendant dairy company would not employ him. Plaintiff testified the reason he consented to the entry of an order stopping compensation was because defendant dairy company agreed to put him to work, and that he had such an agreement that he was to go back to work at the time such order was entered. The deputy commissioner says:

"That was my understanding; that he was to go back to work and try and start in on light work so that he could gradually work into the use of his arm again. And that was the reason compensation was stopped."

After obtaining the consent of plaintiff to the entry of the order stopping compensation, the defendant dairy company refused to employ the plaintiff. In *Seem* v. *Consolidated Fuel & Lumber Co.,* 234 Mich. 637, this court had under consideration what was called a "conditional approval by the department of a settlement," a thing unknown and unrecognized by the statute. The court, in disposing of that case, said:

"The record fairly discloses the fact that there never was an unconditional approval by the department of the settlement claimed for by defendant, and the authorities it relies upon therefore have no application. The department was within its rights and authority in retaining jurisdiction, and determining future compensation."

The order of approval herein was absolute and unconditional. If it was fraudulently procured, it may be attacked in a court of equity and may not be set aside by the department.

Award vacated.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.