THOMAS HURLEY'S CASE.

Suffolk.   March 10, 1920. — March 31, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act,* Review.

Where, in proceedings under the workmen's compensation act, there has been a
   hearing by a committee of arbitration under St. 1911, c. 751, Part III, § 7, as
   amended by St. 1912, c. 571, § 12, and the committee has made an award of
   compensation by weekly payments and no claim for a review of their findings
   has been filed, upon a claim under St. 1911, c. 571, Part III, § 12, as amended by
   St. 1914, c. 708, § 11, for a review of the weekly payment, the questions,
   whether the employee received his injury in the course of his employment,
   and whether, when injured, he was an employee of the person insured, are not
   open.

APPEAL to the Superior Court from a decision of the Industrial
Accident Board, affirming and adopting findings of a single board
member, made by him on a review under St. 1911, c. 751, Part III,
§ 12, as amended by St. 1914, c. 708, § 11, of an award previously
made to Thomas Hurley by reason of an injury received on
August 1, 1913, while employed by the city of Marlborough.

In the Superior Court the appeal was heard by *Wait,* J.  Mate-
rial findings and rulings of the single member of the board are
described in the opinion.  By order of the judge a decree was entered
continuing the award of $6 per week for an indeterminate period
subject to the provisions of the workmen's compensation act.
The insurer appealed.

St. 1911, c. 751, Part III, § 12, as amended by St. 1914, c. 708,
§ 11, and St. 1917, c. 297, § 8, reads as follows:

"Any weekly payment under this act may be reviewed by the
Industrial Accident Board or any member thereof, and on such
review the board or member may, in accordance with the evidence
and subject to the provisions of this act, issue any order which may
be deemed advisable.  If the case is heard and decided by a mem-
ber, his decision shall be subject to review as provided by sections
seven and ten of Part III and the general provisions of the act."

St. 1911, c. 751, Part III, § 4, as amended by St. 1912, c. 571, § 9,

reads as follows: "If the association and the injured employee reach an agreement in regard to compensation under this act, a memorandum of the agreement shall be filed with the Industrial Accident Board and, if approved by it, thereupon the memorandum shall for all purposes be enforcible under the provisions of Part III, section eleven. Such agreements shall be approved by said board only when the terms conform to the provisions of this act."

St. 1911, c. 751, Part III, § 7, as amended by St. 1912, c. 571, § 12, reads as follows: "The committee on arbitration shall make such inquiries and investigations as it shall deem necessary. The hearings of the committee shall be held in the city or town where the injury occurred, and the decision of the committee, together with a statement of the evidence submitted before it, its findings of fact, rulings of law and any other matters pertinent to questions arising before it shall be filed with the Industrial Accident Board. Unless a claim for a review is filed by either party within seven days, the decision shall be enforcible under the provisions of Part III, section eleven." This has been amended by St. 1917, c. 297, § 4, but the amendment is not material to this decision.

*H. S. Avery*, for the insurer, submitted a brief.

*J. W. McDonald*, for the employee.

CROSBY, J. The employee claims that on August 1, 1913, while in the employ of the city of Marlborough as a laborer, he received personal injuries that arose out of and in the course of his employment. It appears by the record that compensation was paid by the insurer to the employee under an agreement therefor; that the agreement was filed with the Industrial Accident Board on August 30, 1913. St. 1911, c. 751, Part III, § 4, as amended by St. 1912, c. 571, § 9. It also appears that a hearing was held before a committee of arbitration on October 13, 1914, to determine whether the employee was incapacitated as a result of the injury; that the committee so found, and compensation was awarded at the rate of $6 weekly to be continued for an indeterminate period, and has been paid by the insurer up to April 2, 1918; and that no claim for review of these findings was filed. St. 1911, c. 751, Part III, § 7, as amended by St. 1912, c. 571, § 12 (St. 1917, c. 297, § 4).

On April 2, 1918, a hearing was held before a single member

of the board under St. 1911, c. 751, Part III, § 12, as amended by St. 1914, c. 708, § 11, (St. 1917, c. 297, § 8,) at which the insurer contended and offered evidence to show that the employee did not receive his injuries in the course of his employment, that they did not arise out of it, and that he was not an employee of the city at that time. The single member states that the greater portion of the evidence introduced by the insurer related to the question "whether or not the injury arose out of the employment" and was received *de bene;* he afterwards ruled that it was not open to the insurer under Part III, § 12, to show that the injury did not arise out of the employment. He states that he is unable to find that the disability resulting from the injury has ceased. It cannot be said that the conclusion is without evidence to support it. The board on review affirmed and adopted the findings and rulings of the single member and found that the employee is entitled to a continuance of compensation at the rate of $6 a week subject to the provisions of the act, and a decree has been entered in the Superior Court in accordance with the finding.

The ruling of the single member affirmed by the board was clearly right. The committee of arbitration having fixed the compensation at $6 weekly, it is to be presumed that it was found that the employee's injury was received in the course of and arose out of his employment while he was in the employ of the city; and as no claim for review was filed the decision of the committee stood and became enforceable in the Superior Court. *Young* v. *Duncan,* 218 Mass. 346, 353. In the later proceedings instituted under Part III, § 12, the only matters then properly before the single member were the review of the previous decision respecting the weekly payment awarded and the issuance of such order as might be deemed advisable. An order having been so issued, the effect of which is to continue the compensation previously allowed, the employee is entitled to be paid at the rate of $6 a week since April 2, 1918.

*Decree affirmed.*