EDWARD GLASSMAN v. R. W. RADTKE AND ANOTHER.[1]

June 7, 1929.

No. 27,324.

[1]Reported in 225 N. W. 889.

*J. F. Boyles* and *L. K. Eaton,* for relators.
*Somsen, Dempsey & Flor,* for respondent.

STONE, J.

Certiorari to the industrial commission to review an award of compensation to an injured employe.

June 18, 1921, Glassman, the employe, suffered a sunstroke or heat prostration in the course of his employment. There have been two awards. The first was on a finding of temporary total disability, as of December 5, 1921, of "compensation beginning with the 18th day of June, 1921 [the date of the injury] and continuing to date and such further period as said employe's total disability shall continue, at the rate of thirteen ($13.33) dollars and thirty-three cents per week in accordance with * * * Section 14, Paragraph (A) Chapter 82, G. L. 1921." That statute reads:

"Following is the schedule of compensation: (a) for injury producing temporary total disability, sixty-six and two-thirds per centum of the daily wage at the time of the injury subject to a maximum compensation of eighteen ($18.00) dollars per week * * *. This compensation shall be paid during the period of such disability not, however, beyond three hundred (300) weeks, payment to be made at the intervals when the wage was payable, as nearly as may be."

That award has been complied with. The insurer has paid the compensation awarded for the full period of 300 weeks. In May of 1928 the employe filed a second petition, stating the history of the matter, including the previous award and the compliance therewith by the insurer, and asking for another award "on account of said injury, as provided by the Compensation Law." His allegations were of permanent total disability. On adequate proof, both referee and industrial commission sustained plaintiff's claim of

permanent total disability; and the resulting award, on that basis, was of $13.33 per week from the date of the injury, June 18, 1921, "less compensation heretofore paid, as and for permanent total disability during the period of such disability, not exceeding the total of $10,000." The order vacated and set aside the first award of December 5, 1921.

There was an attempt to review the first decision of the industrial commission by appeal to this court. But certiorari having become the only method for such review, the appeal was dismissed. Glassman v. Radke, 152 Minn. 253, 188 N. W. 286. The court, two justices dissenting, took occasion to express an opinion on the merits in order to prevent if possible the delay and expense attendant upon a further and useless attempt at review.

The case for the employe is put upon G. S. 1923 (1 Mason, 1927) § 4319. The preceding section, 4318, provides that, upon default of 30 days in the payment of compensation, employe or dependents may file a certified copy of the award with the clerk of a district court and procure judgment thereon. That is, the award may be converted into a judgment enforceable as such. Section 4320 is the one providing for a review of an award by a writ of certiorari from this court. Section 4319 is this:

"At any time after an award has been made and before the same has been reduced to judgment or writ of certiorari issued by the Supreme Court, the commission may for cause, upon application of either party * * * set the award aside and grant a new hearing and thereon determine the matter on its merits and make such findings of fact, conclusions of law, and award or disallowance of compensation or other order, as the pleadings and the evidence * * * shall in its judgment require."

The first point for employer and insurer is that the attempted appeal to this court although dismissed was accompanied by an expression of an opinion on the merits and so equivalent to an effective review by certiorari. Therefore, it is argued, the employe has no right, under § 4319, to a reopening of the proceeding such

as that here attempted. Orcutt v. Trustees of Wesley M. E. Church, 174 Minn. 153, 218 N. W. 550. But in this case there has been neither judgment nor writ of certiorari. The expression of an opinion on the merits in the decision dismissing the abortive appeal may have had the effect of preventing a further attempt at review, but legally it was not a substitute for the effective judgment on the merits which the court could have rendered had the proceeding come here by certiorari. The attempted appeal conferred no jurisdiction to render judgment and was not, under § 4319, a bar to a reopening of the proceeding "upon application of either party."

If this were a new proceeding to recover compensation it would be barred by G. S. 1923 (1 Mason, 1927) § 4282(1), putting upon such proceedings a limitation of "two years after the employer has made written report of the injury to the Industrial Commission" and six years from the date of the accident. But this is not a new proceeding. It is nothing more than a reopening of the one instituted by the original petition for compensation. It was properly so treated by the industrial commission. The absence of an appropriate label on the petition for the rehearing is not important. "Technical or formal rules of pleading or procedure," other than those of the statute itself, are not binding upon the industrial commission. G. S. 1923 (1 Mason, 1927) § 4313. It is not what the parties or the commission may call a proceeding but what it is that determines its status. The purpose of the "new hearing" authorized by § 4319 is among other things to enable the commission to adapt its award to the justice of the situation as required by facts subsequently appearing. Such facts may show the original award to have been excessive or, as in this case, deficient. The purpose is to give the commission the continuing jurisdiction required to assure a compensation proportionate to the degree and duration of disability. To that end a rehearing is permitted so that when and if it is discovered that an award is either excessive or deficient it may be corrected as the facts require. It is in aid of that power in the commission that by § 4283 an injured employe is required to submit himself to repeated physical examinations. If he refuses

to comply with any reasonable request for such examination, "his right to compensation may be suspended" by order of the commission. The same general purpose is manifested by § 4293, where it is "made the duty of the Industrial Commission from time to time and as often as may be necessary, to keep itself fully informed as to the nature and extent of any injury to any employe compensable under part 2 of this act and the extent of any disability resulting therefrom and the rights of such employe to compensation, to request in writing and procure from any physician or surgeon examining, treating or having special knowledge of any such injury, a report of the facts within his knowledge relative thereto." The intention of such a statute is "that the compensation to which an injured workman is entitled should be adjusted from time to time as his disability * * * should increase or diminish." Chebot v. State Ind. Acc. Comm. 106 Or. 660, 668, 212 P. 792. In that case it was held [106 Or. 666] that "an application for increased compensation on account of changed condition or increased disability" was not the beginning of a new proceeding "but merely another step in the proceeding which is initiated when the workman files his original application for the adjustment of his claim." See also Seem v. Cons. Fuel & Lbr. Co. 234 Mich. 637, 209 N. W. 193.

Order affirmed.