EARL KUMMER v. MUTUAL AUTO COMPANY AND ANOTHER.[1]

March 18, 1932.

No. 28,783.

[1]Reported in 241 N. W. 681.

K. A. *Campbell* and *Palmer Benson,* for relators.
*John B. La Due,* for respondent.

WILSON, C. J.

Certiorari to review an order of the industrial commission granting a rehearing and refusing relators' motion to dismiss the application, the relators' claim being that the commission was without jurisdiction.

On June 23, 1921, the employe was engaged as a mechanic in a garage. On that day while in the line of duty he suffered an accidental injury while he was riding on a motorcycle with the owner thereof trying to detect the points of necessary repairs. The front tire blew out, and he suffered serious injuries. A report of the accident was filed by the employer on June 28, 1921, and an award based upon a stipulation of settlement was approved by the industrial commission on August 31, 1921. He was paid compensation for seven weeks. The agreement upon which the award was based contained a provision to the effect that the employer would furnish such medical and surgical treatment as the law required. On September 28, 1922, the insurer paid medical, hospital, and surgical expenses, including dental bills, in the sum of $513.50. Apparently all parties supposed the matter was closed.

On July 20, 1931, the employe filed an application with the commission asking that the agreement and award filed and approved about ten years before be vacated and set aside and that the claim be reopened to permit the employe to offer testimony of various doctors and himself in support of the claim that ever since that injury the employe had suffered an open maxillary sinus, which was infected and had been draining into his mouth for several years and which is claimed to be detrimental to his health, to say nothing of the discomfort that it has been causing him. The application shows in detail a much worse condition than we have attempted to describe, showing by the opinion of dentists and doctors that

his teeth should be removed surgically, the rarefied areas cleaned up, and dentures made for him. It is also represented that after the proper resorption has taken place he should have a permanent set of condensite dentures, and that the total charge of the advised treatment amounts to $250. It is not disputed that the present ailment is the result of the original injury and that it has gradually developed since soon after the time when it was supposed that the employe had fully recovered.

1. The employe's rights are determined by the law in force at the time of the accident. Eberle v. Miller, 170 Minn. 207, 212 N. W. 190. This accident occurred June 23, 1921. The law then provided that the industrial commission could require the employer to pay for medical, surgical, and hospitalization expenses, etc. for such time and in such amount as would be just under the disclosed facts. G. S. 1923 (1 Mason, 1927) § 4279.

L. 1921, p. 90, c. 82, § 22, provides that an action or proceeding by an injured employe to determine or recover compensation must be prosecuted within two years after the employer has made written report of the injury to the industrial commission. This law was amended by L. 1923, p. 398, c. 300, § 7, subd. 1, limiting the right to prosecute such an action or proceeding to six years from the date of the accident. The statute of limitations is thus definitely settled; but it relates to the original presentation of a claim, not to an application for further medical benefits. Here the employe seeks medical benefits for unforeseen conditions resulting directly from the original injury. He seeks to reopen the original proceedings. It is not important whether they were instituted by the claim petition for compensation or by an agreement between the parties. We have held that the compensation, which includes medical benefits, may be adjusted from time to time. Glassman v. Radtke, 177 Minn. 555, 225 N. W. 889.

G. S. 1923 (1 Mason, 1927) § 4319, reads as follows:

"At any time after an award has been made and before the same has been reduced to judgment or writ of certiorari issued by the Supreme Court, the commission may for cause, upon application

of either party and not less than five days' notice in writing to all interested parties, set the award aside and grant a new hearing and thereon determine the matter on its merits and make such findings of fact, conclusions of law, and award or disallowance of compensation or other order, as the pleadings and the evidence produced before it and the provisions of this act shall in its judgment require."

There is no statute limiting the time when the industrial commission may on application grant a rehearing on the propriety of further allowance of medical benefits necessitated or occasioned by the original injury. The legislature has failed to provide a limitation as to the granting of such applications. Johnson v. Iverson, 175 Minn. 319, 221 N. W. 65, 222 N. W. 508; Glassman v. Radtke, 177 Minn. 555, 225 N. W. 889.

It follows that the industrial commission had jurisdiction, and the writ is discharged.

