## ELLA MacKINNON'S CASE.

Suffolk. February 7, 1934. — March 27, 1934.

Present: CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Workmen's Compensation Act,* Compensation by agreement. *Res Judicata. Evidence,* Competency.

An agreement for the payment of compensation under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, duly made and approved pursuant to § 6 thereof, does not constitute a final determination of the extent of the injury suffered by the employee or of the payments to be made to him therefor.

Where, pursuant to such an agreement providing for the payment of compensation for injury to the employee's forehead, hip and knee resulting from a fall, compensation was paid for a time and then terminated, the employee returning to work, the Industrial Accident Board, at a hearing subsequently held, was not precluded from receiving evidence to show that the employee had been partially incapacitated after returning to work by an injury to his back caused by the same fall and, upon finding that such was the fact, from awarding further compensation accordingly.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material facts are stated in the opinion. A decree in accordance with the board's decision was entered by order of *Hanify,* J. The insurer appealed.

The case was submitted on briefs.

*H. F. Tracy,* for the insurer.

*J. J. Crowley,* for the claimant.

WAIT, J. There is no merit in this appeal. The employee was injured by a fall on the premises of the Brae Burn Country Club, where she was employed as a waitress, on June 6, 1929. The Industrial Accident Board on August 3, 1929, approved an agreement for compensation for injury "by reason of Fall on stairs and resulting in Contusion of left forehead — Left hip and left knee." She was to receive $16 "per week until disability ceases,

and medical expenses as provided by the Workmen's Compensation Act." No decree was entered. She went back to work. Compensation ceased July 3, 1929, by agreement. After hearing in March, 1933, for compensation for partial disability due to injury to her back caused by the fall, the single member found as a fact that she received injury to the back in the fall of June 6, 1929, and awarded partial compensation from her return to work until April 1, 1933, amounting to $781.71, to continue at $4 per week in accordance with the law. The reviewing board affirmed and adopted the findings of the single member, and made a similar order.

We need not discuss the evidence in detail. We think it sustains the findings; and that both single member and reviewing board were right in holding that the failure of the compromise agreement to mention injury to the back did not preclude evidence that such injury was received and was a result of the fall. The chief contention of the insurer is that evidence of injury to the back was not admissible. It argues that the agreement approved by the board had the effect of a decree, *Kareske's Case*, 250 Mass. 220, and was a final determination of all the issues material to the case. It is the law that a compensation agreement is a final determination of the facts material to the existence of liability, of the fact of employment, of injury arising out of and received in the course of the employment, of notice, etc., *Hurley's Case*, 235 Mass. 387, *Brode's Case*, 251 Mass. 414, but it is not final determination of the extent of the injury or of the payment to be made. *Hunnewell's Case*, 220 Mass. 351. *Bartoni's Case*, 225 Mass. 349. The original workmen's compensation act, St. 1911, c. 751, Part III, § 12, provided: "Any weekly payment under this act may be reviewed by the industrial accident board at the request of the association or of the employee; and on such review it may be ended, diminished or increased, subject to the maximum and minimum amounts above provided, if the board finds that the condition of the employee warrants such action." It has since been amended, but no change has been made in the funda-

mental purpose to permit change in payment if change in the employee's condition warrants. *Frizzi's Case,* 237 Mass. 460. *Korobchuk's Case,* 280 Mass. 412, 416. *Musgrave's Case,* 281 Mass. 416.

Evidence has been received of conditions arising after the original finding, agreement or decree if, in fact, causal connection with the original injury is established. There is nothing incredible in the omission, when claim is first made, of claims for injury due to the accident but then unknown or unrecognized. The beneficent purpose of the legislation would not be fully obtained if recovery should be precluded by such omission.

A different situation would exist if the matter of the later claim, in fact, had been considered in the original agreement or hearing. All that appears here is a fall and contusions to left forehead, knee and hip — nothing inconsistent with injury to the back.

*Decree affirmed.*