## GORDON HAWKINSON v. JOE MIRAU AND ANOTHER.[1]

No. 30,591.

January 10, 1936.

*Robb, Rich & Reynolds,* for relators.
*Northey & Nelson,* for respondent.

HOLT, JUSTICE.

*Certiorari* to review a decision of the industrial commission.

The facts are these: Respondent was injured in an accident arising out of and in the course of his employment on September 28, 1931, and relators voluntarily paid him compensation and medical benefits up to April 17, 1933, but on May 1, 1933, gave notice of discontinuance as of April 17. On May 16, 1933, the industrial commission gave notice of hearing on the proposed discontinuance for June 22. The hearing was not begun until July 25, 1933, before Referee Reynolds, who thereafter, on September 16, 1933, filed

[1]Reported in 264 N. W. 438, 265 N. W. 346.

his decision wherein he found: "That as a result of said accident and injury the employe herein was totally disabled up to and including the 24th day of July, 1933," and then determined that he was entitled to compensation against relators at the rate of $16.80 per week from and after September 28, 1931, until the 17th of April, 1933, or the sum of $1,380.80 which had been paid, and in addition thereto compensation from and after that date until July 24, 1933, a period of 14 weeks, or the sum of $235.20; this in addition to $1,098.10 paid by relators for his medical and hospital care. No appeal was taken from the referee's decision. In July, 1934, respondent petitioned the commission to vacate Referee Reynolds' award, filed September 16, 1933, on the ground, among others, that there had been a change in the physical condition of respondent so that he is unable to work. The commission granted the petition and filed an order on November 21, 1934, vacating and setting aside the finding and award of Referee Reynolds in its entirety and referring the matter to Referee Schaefer to take additional testimony. When the matter came before Referee Schaefer on April 9, 1935, relators objected that the referee and commission were without jurisdiction and moved to dismiss and to exclude any evidence. The objections and motions were overruled and exceptions taken by relators. Later relators moved the commission to vacate its order of November 21, 1934, which was denied by order dated May 20, 1935. *Certiorari* issued June 13, 1935.

Respondent's motion to quash the writ because not issued within 30 days after the filing of the order of November 21, 1934, must be denied. The only question intended to be raised by relators is the jurisdiction of the commission to vacate the decision of Referee Reynolds, filed September 16, 1933, the contention being that the jurisdiction of the commission over the subject matter of compensation for this accidental injury terminated with Referee Reynolds' decision, from which there was no appeal. Jurisdiction of the subject matter may be raised at any stage of a proceeding. Of course, relators could have reviewed the commission's order vacating the decision of Referee Reynolds. They did not do so; but before Referee Schaefer, appointed by the commission to take additional

testimony and make findings of fact and further order in the premises, objection to jurisdiction was made; and thereafter relators moved the commission to vacate its order vacating the decision of Referee Reynolds. Within proper time from the filing of the commission's order denying the motion *certiorari* was applied for and issued, and we hold that the jurisdiction of the commission is here for review. Mark v. Keller, 188 Minn. 1, 246 N. W. 472. The relators raised the question of jurisdiction squarely before the commission.

Relators rely on Rosenquist v. O'Neil & Preston, 187 Minn. 375, 245 N. W. 621, for the proposition that jurisdiction was at an end when Referee Reynolds' decision became final, that is, after the time expired to appeal therefrom to the commission. That case was the basis for like decisions in Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87; Falconer v. Central Lbr. Co. 193 Minn. 560, 259 N. W. 62; Nadeau v. Cameron Joyce Co. 194 Minn. 285, 260 N. W. 213; Dorfman v. Fremont Const. Co. 195 Minn. 19, 261 N. W. 879. It is to be noted that in the Rosenquist case, 187 Minn. 375, 245 N. W. 621, as well as in the cases just cited, the decision of the referee or commission which was held to have ended the commission's jurisdiction of the subject matter was made and became effective before L. 1933, c. 74, went into effect. In the Johnson case, 191 Minn. 631, 255 N. W. 87, it was distinctly held that where the rights of the employe and employer had been finally terminated under the provisions of 1 Mason Minn. St. 1927, § 4295, vested rights were acquired which neither the commission nor subsequent legislation could disturb. If the commission has been completely divested of jurisdiction over an employe's accidental injury, we do not think jurisdiction could be conferred by the parties appearing before the commission and entering a controversy as to further compensation.

Assuming that Referee Reynolds' decision filed September 16, 1933, is a finding that the disability caused by the injury had ceased and the right to compensation terminated with July 24, 1933, we come to the question whether, under the law then existing, the commission had authority and power to entertain the application of respondent to vacate the referee's decision and grant a re-

hearing. The decision in the Rosenquist case, 187 Minn. 375, 245 N. W. 621, was filed November 25, 1932. It was there held that § 4295 was inconsistent with § 4319 and that the former, being special and of limited application, must within its limited sphere control the latter of more general scope. No doubt to meet that situation the legislature by L. 1933, c. 74, approved March 9, 1933, and effective from the date of its passage, amended § 4295 by inserting at the end of the second paragraph thereof this clause: "and subject to the right of the Commission, at any time prior to said review, to set aside its decision, or that of the referee, and grant a new hearing pursuant to Section 4319, General Statutes 1923." (3 Mason Minn. St. 1934 Supp. § 4319.) So when Referee Reynolds' decision was rendered it was, by the amendment of § 4295, subject to be vacated by the commission pursuant to § 4319. There is no longer a conflict between the two sections. They are in harmony and retain jurisdiction in the commission of accidental injuries compensable under the workmen's compensation act until divested as provided in § 4319. That section provides: "At any time after an award has been made and before the same has been reduced to judgment or writ of certiorari issued by the Supreme Court, the commission may for cause, upon application of either party and no less than five days' notice in writing to all interested parties, set the award aside and grant a new hearing," etc.; and it has been decided that, barring the statute of limitation, that section continued jurisdiction of the commission whenever it attached in an accidental injury. Kummer v. Mutual Auto Co. 185 Minn. 515, 241 N. W. 681, and cases therein cited. The conclusion is inescapable that a decision or award of the commission or its referee under the provisions of § 4295, as amended, may be vacated by the commission for cause at any time before it has been reduced to judgment or before this court has issued a writ of *certiorari* to review it. Neither event had taken place before the commission vacated Referee Reynolds' decision herein. Relators argue that Referee Reynolds' decision being in their favor they could not have it reviewed. That may be an unfortunate situation, but the remedy is with the legislature. It clearly and evidently deliberately, after

being advised of the Rosenquist decision, amended § 4295 so that any decision thereunder is subject to the commission's control pursuant to § 4319. The wisdom of the amendment is not for the consideration of the court.

The application or petition to vacate Referee Reynolds' decision states good cause. Whether sufficient cause was shown for the vacation of the decision and granting a rehearing is not here for review, nor is Referee Schaefer's decision on the merits.

The order vacating the decision of Referee Reynolds filed September 16, 1933, and granting a rehearing is affirmed, with $50 attorneys' fees to be taxed herein as costs against relators.

UPON APPLICATION FOR REARGUMENT.

On February 28, 1936, the following opinion was filed:

PER CURIAM.

Relators' petition for rehearing on the ground that the accident in which respondent was injured having occurred prior to the amendment of 1 Mason Minn. St. 1927, § 4295, the rights of the parties became fixed as of that time. That is true as to the right of compensation, the amount thereof, if within fixed schedules, and the times of payment. Warner v. Zaiser, 184 Minn. 598, 239 N. W. 761. But we do not think this applies to the procedural steps prescribed for enforcing compensation, nor to the effect to be given to the award or decision of the industrial commission at any particular stage of the proceeding. Section 4295 relates wholly to the procedure in administering the law in respect to a future event which may or may not arise in any given accidental injury case. Until there has been action of the industrial commission taken thereunder, the rights of an accidentally injured employe and his employer have not been determined. As the section stood before the amendment the determination by the industrial commission that liability for further compensation had ended was final, if not reviewed. By the amendment the industrial commission still retains jurisdiction with power to open its decision for cause as provided by § 4319. In the instant case, although the accident took place before the amendment, still, when the parties were ready to ascer-

tain whether or not liability for further compensation had ceased, the only authority under which the industrial commission could act was in virtue of § 4295 as amended by L. 1933, c. 74, 3 Mason Minn. St. 1934 Supp. § 4295, and its determination can be given no further effect or finality than prescribed by the law under which it is rendered.

The petition for rehearing is denied.