IVAR TUOMI v. GENERAL LOGGING COMPANY.[1]

March 13, 1936.

No. 30,773.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for relator.
*Nelson & Cedergren,* for respondent.

PER CURIAM.

*Certiorari* to review an order of the industrial commission vacating a prior award of compensation and granting a new hearing in the matter.

Respondent, employe, suffered an injury to his eyes on August 2, 1934. Compensation was paid for ten weeks. Thereafter a stipulation for final settlement was entered into between the parties whereby settlement was made on the basis of a healing period of 17 weeks and an additional ten weeks for a ten per cent loss of sight in the right eye, and the payment by relator of doctors' and hospital bills. This made the total compensation $216 in addition to doctors' and hospital bills. The stipulation was presented to the industrial commission and an award made in conformity with such stipulation, "same to be in full and final settlement of any and all claims resulting from employe's accidental injury sustained on or

[1]Reported in 265 N. W. 837.

about August 2, 1934, while in the employ of the above employer." The award was made December 12, 1934. The balance of compensation unpaid, $120, and the doctors' and hospital bills were thereupon paid by the relator. On December 27, 1934, the respondent gave his final receipt for compensation "in settlement and satisfaction of all claims for compensation or damages, subject to review as provided by law, on account of injuries suffered by Ivar Tuomi on or about the 2nd day of August, 1934, while in the employ of General Logging Company."

On or about June 19, 1935, respondent petitioned the industrial commission to set aside the award made on December 12, 1934, and to grant a new hearing, on the ground of further disability developing in his eyes subsequent to December, 1934. A hearing was had on this petition August 15, 1935, and an order made by the commission on September 10, 1935, vacating the order of December 12, 1934, and ordering the matter referred to a referee for hearing on the merits. The order so reopening the case is now here for review.

Relator's position is that the industrial commission had no power or authority to grant a further hearing after making its final award on settlement December 12, 1934, that this award and the payment thereof were final and ended the matter. There has been no writ of *certiorari* issued to review here the order of December 12, and the compensation therein awarded has not been reduced to judgment.

The question presented is ruled by our prior decisions. In Kummer v. Mutual Auto Co. 185 Minn. 515, 241 N. W. 681, we held that under 1 Mason Minn. St. 1927, § 4319, where there has been no review of the order making the award and the award has not been reduced to judgment, jurisdiction of the commission continues until barred by some statute of limitations.

In Hawkinson v. Mirau, 196 Minn. 120, 264 N. W. 438, 265 N. W. 346, we held that, since the enactment of L. 1933, c. 74, 3 Mason Minn. St. 1934 Supp. § 4295, which was in force when this accident happened and when the award was made on December 12, 1934, there is no conflict between §§ 4295 and 4319 of the statute; that

the sections are in harmony, and the commission retains jurisdiction to vacate a prior award and grant a new hearing for cause shown until divested of power so to do under the provisions of § 4319, or by some statute of limitations.

The petition for a new hearing in the present case *prima facie* shows good cause.

The industrial commission had jurisdiction, and the writ of *certiorari* is discharged.

An attorneys' fee of $75 is allowed to the respondent and may be taxed as part of his disbursements in this court.