# HILDA ROOS v. CITY OF MANKATO AND ANOTHER.[1]

February 19, 1937.

No. 31,156.

*Cobb, Hoke, Benson, Krause & Faegre* and *Wendell O. Rogers,* for relators.

*Wilson & Wilson,* for respondent.

[1]Reported in 271 N. W. 582.

Julius J. Olson, Justice.

*Certiorari* to review an order of the industrial commission denying petition of employer and insurer for an order vacating an award of compensation made April 22, 1935. The facts are these: On March 11, 1934, Albert Roos died while rendering service as a salaried fireman of Mankato. Appropriate proceedings were had under the workmen's compensation law resulting on November 27, 1934, in findings of fact and award of compensation to respondent, his widow, by the commission's referee, who found as facts: "That on said date said employe suffered an accidental injury arising out of and during the course of said employment by reason of an aggravation of a coronary sclerosis, which resulted in his immediate death." On appeal the commission adopted the findings and award made by the referee and in all things affirmed the same. No review has been sought or had, and no judgment has been entered upon the award. Since then the employer and insurer have promptly met the payments provided thereby, and these are now being made pending the outcome of the present proceeding.

Employer and insurer now seek to vacate the award, not because of anything new having arisen respecting the facts upon which the award was founded nor because any change has taken place as to the rights of respondent, his widow. They rely wholly upon the same facts as were presented to and considered by the referee and commission. Their claim as stated in the brief is that: "This award was entered prior to 'the decision of this court in the case of Stanton v. Minneapolis St. Ry. Co. 195 Minn. 457, 263 N. W. 433, and the application to vacate the award was based upon said decision."

Counsel concede that at the time this matter was determined and award made by the commission they were of opinion that Wicks v. Northland M. & I. C. Co. 184 Minn. 540, 543, 239 N. W. 614, and other similar cases, were controlling, and that *certiorari* to review that decision would be futile. The record, we think, abundantly sustains that view. The only basis for the present proceeding is therefore founded upon the supposed change or limitation of the rule

laid down in the cited case by virtue of what was later said in the Stanton case.

At the outset we are faced with this question: Where, as here, there is no claim of discovery of new or additional facts, and there being no suggestion of fraud, concealment, or deceit practiced by or in respondent's behalf in securing the award, may relators now, after the statutory time for review has elapsed, secure a vacation thereof?

■ Relators' theory is that jurisdiction of the commission is a continuing one, and for that reason its decisions do not have the quieting effect of a judgment. "Within limits, the jurisdiction of the industrial commission over a compensation case is continuing." Rosenquist v. O'Neil & Preston, 187 Minn. 375, 377, 245 N. W. 621, 622, 623. But as there said by the court (pp. 377, 378):

"If there were no limit to that rule, there would be equally no end to the liability of employer and insurer, at least no procedure whereby it could be determined with finality that liability was at an end. That would be bad from the practical standpoint, because it would impose on compensation insurers great difficulty in establishing any dependable basis for calculation of premium charges. No employer going without insurance could know just how to set up the reserve needed to cover the risk. Doubtless because of that the legislature has included in our law the provisions of G. S. 1923, § 4295, as amended, 1 Mason, 1927, *id.* which we consider determinative. That section, unlike § 4319, does not deal with all compensation issues in general, but only with the special one that arises where compensation is allowed, and for a time paid, and then it is asserted on the one hand that the right to compensation has ceased and on the other that it has not." When that issue has been thus determined "the right is at an end. * * * The intention is that, once an award has been made, jurisdiction shall continue only as long as there is continuing right to compensation. And it is for the commission to determine that fact question—subject only to 'the right of review' and not to the right of rehearing provided by the statute. If § 4295 means that the decision shall be subject to

rehearing as well as review, then there could not be what the statute says shall be, that is, a termination of liability."

■ After that decision was handed down the legislature by L. 1933, c. 74, amended § 4295 by inserting at the end of the second paragraph thereof this clause: "and subject to the right of the Commission, at any time prior to said review, to set aside its decision, or that of the referee, and grant a new hearing pursuant to Section 4319, General Statutes 1923." As a consequence, these sections became and are in harmony so that jurisdiction in the commission is retained "until divested as provided in § 4319." Hawkinson v. Mirau, 196 Minn. 120, 123, 264 N. W. 438, 440, 265 N. W. 346. That section provides:

"At any time after an award has been made and before the same has been reduced to judgment or writ of certiorari issued by the Supreme Court, the commission may for cause, upon application of either party and no less than five days' notice" to interested parties, "set the award aside and grant a new hearing." And, said the court, "it has been decided that, barring the statute of limitation, that section continued jurisdiction of the commission whenever it attached in an accidental injury. Kummer v. Mutual Auto Co. 185 Minn. 515, 241 N. W. 681, and cases therein cited. The conclusion is inescapable that a decision or award of the commission or its referee under the provisions of § 4295, as amended, may be vacated by the commission for cause at any time before it has been reduced to judgment or before this court has issued a writ of *certiorari* to review it."

Upon application for reargument the court further clarified the change made by the 1933 amendment, 196 Minn. 124, 265 N. W. 346. The court said:

"The rights of the parties became fixed" as of the time of accident, but these were limited to "the right of compensation, the amount thereof, if within fixed schedules, and the times of payment." (Citing Warner v. Zaiser, 184 Minn. 598, 239 N. W. 761.) "But we do not think this applies to the procedural steps prescribed for en-

forcing compensation, nor to the effect to be given to the award or decision of the industrial commission at any particular stage of the proceeding. Section 4295 relates wholly to the procedure in administering the law in respect to a future event which may or may not arise in any given accidental injury case." Prior to the amendment determination by the commission that liability for "compensation had ended was final, if not reviewed." By the amendment the commission "retains jurisdiction with power to open its decision for cause as provided by § 4319."

■ From what has been said it is obvious that the 1933 amendment affects procedure only, not the "rights of the parties." This must be so because a contractual relationship exists under the law between the employe on the one hand and the employer and his insurer on the other. Hence their respective rights and obligations as to compensation and other benefits to the employe "become fixed at the date of a compensable accident; as to benefits and liabilities arising because of the employe's death, they become fixed at the time of the death. * * * The rate of compensation, whether for injury or death, may not be changed after the event takes place that fixes the rights of the parties under the law in force at that particular time." Warner v. Zaiser, 184 Minn. 598, 601, 239 N. W. 761, 762.

■ There is also the recognized and well-established principle of law that "judicial construction of a statute, so long as it is unreversed, is as much a part thereof as if it had been written into it originally." 6 Dunnell, Minn. Dig. (2 ed.) § 8936b; Congdon v. Congdon, 160 Minn. 343, 200 N. W. 76. This being so, it must necessarily follow that at the time decision was rendered by the commission the rule announced in the Wicks case, 184 Minn. 540, 239 N. W. 614, was then a part of the law and as such binding upon the commission and the parties. Even granting for the sake of argument that the Stanton case, 195 Minn. 457, 263 N. W. 433, has limited the rule laid down in the prior cases therein referred to, yet the fact remains that at the moment of death of Mr. Roos the rights of his widow as a dependent were determined as the law was then

interpreted, and the parties were necessarily bound thereby. (It is not improper, however, to add that we do not concede that the Stanton case has in any way limited the rule laid down in the other cases to which we have referred. We think quite the opposite is clear. The court in the Stanton case *distinguished* the other cases; it did not *limit* their effect nor in any way *overrule* what had been decided.)

Writ discharged and order affirmed.

Respondent will recover $75 attorney's fees plus statutory costs and taxable disbursements.

So ordered.