# FRANCES HERZOG v. CITY OF NEW ULM AND ANOTHER.[1]

March 5, 1937.

No. 31,072.

*Victor P. Reim,* for relator.
*Charles H. Weyl,* for respondents.

PETERSON, JUSTICE.

*Certiorari* to review a decision of the industrial commission dated May 21, 1936, denying relator's petition that respondents pay the balance of monthly payments due to her under an award of compensation upon agreement dated May 14, 1928. John F. Herzog, a policeman of New Ulm, sustained injuries on February 16, 1928, from which he died on February 18, 1928. His death was compensable under the workmen's compensation act. The award, entered by agreement, contains provisions that his widow, Mary Herzog, and relator, Frances Herzog, an adult daughter, were wholly dependent upon deceased and entitled to compensation in the sum of $11.54, payable as therein provided. Judgment has not been entered on the award, and there has been no *certiorari* to review it.

[1]Reported in 272 N. W. 174.

On August 7, 1934, the widow, Mary Herzog, died. The insurer paid the compensation to August 3, 1934, the total payments being $3,888.98. It discontinued payments from that time. Relator then applied to the commission for an order (under 1 Mason Minn. St. 1927, § 4295) to compel respondents to pay to her, as the surviving dependent, the balance of the payments due pursuant to the award. After a decision in favor of relator by the referee who heard the matter, respondents appealed to the commission, and at the same time filed a petition to set aside the award and grant a new hearing upon the ground that "said stipulation was made under a mistake of fact and law and there was no consideration for said agreement." This petition was dismissed. The commission considered the appeal (respondents' petition was not then part of the case) and set aside the award. It held that relator was not wholly dependent; that she was partially dependent; that she had received all payments to which she was entitled, and dismissed her petition.

The law in force at the time the accident occurred, resulting in death and the right to compensation, determines the rights of the parties. Roos v. City of Mankato, 199 Minn. 284, 271 N. W. 582; Hawkinson v. Mirau, 196 Minn. 120, 264 N. W. 438, 265 N. W. 346; Rosenquist v. O'Neil & Preston, 187 Minn. 375, 245 N. W. 621; Warner v. Zaiser, 184 Minn. 598, 239 N. W. 761. 1 Mason Minn. St. 1927, § 4295, under which this proceeding was brought, was the law then in force and applicable. Under it the commission had no right to vacate and set aside awards and grant rehearings. As the law then stood the decision of the commission, except for the right of rehearing under § 4319, and review by *certiorari,* was final and determinative. It was conclusive as to the rights of the parties. It determined relator's status, as wholly dependent, her right to compensation, the amount and time of payment thereof. Roos v. City of Mankato, Hawkinson v. Mirau, Rosenquist v. O'Neil & Preston, *supra;* Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87; Falconer v. Central Lbr. Co. 193 Minn. 560, 259 N. W. 62; Nadeau v. Cameron Joyce Co. 194 Minn. 285, 260 N. W. 213; Dorfman v. Fremont Const. Co. 195 Minn. 19, 261 N. W. 879. Section 4295 authorized the commission to determine whether or not the right

to compensation under the award had ceased. But the commission did not exercise this power. If it had, the decision necessarily would have been in favor of relator. It attempted to exercise an entirely different power, that of determining the rights of the parties in the first instance—whether their agreement and the award based thereon were correct. It set aside its award and reheard the entire matter on the application of petitioner (under § 4295) to compel payment under the award. This, clearly, was beyond the power of the commission and erroneous. Cases *supra*.

Section 4295 was amended by L. 1933, c. 74, § 1 (3 Mason Minn. St. 1934 Supp. § 4295). The amendment gives the commission continuing jurisdiction of awards, with power to open its decisions for cause, as provided by § 4319. But the amendment was not in force at the time this award was made. It is prospective in operation and applies only to cases subsequent to its enactment. It will not be construed so as to disturb rights that have become fixed. Roos v. City of Mankato, Johnson v. Jefferson, and other cases, *supra*. It does not apply to the case at bar. The hearing was not pursuant to § 4319, respondents' petition having been dismissed. It was solely on § 4295. The commission did not have the power to make the order under review.

Respondents contend that the commission had the power to make the order under § 4319. That section authorizes the commission "for cause" to vacate its decision and grant rehearings. In Mark v. Keller, 188 Minn. 1, 4, 246 N. W. 472, 473, "for cause" was held to mean "for good cause, that is, some such cause as fraud or surprise, so that in the exercise of sound judicial discretion the award should be vacated and a new hearing had. It was not the purpose of § 4319 to permit repeated litigation of such issues as are susceptible of best and final decision at the initial hearing, *e. g.*, rate of wages, but to permit adjustment of the award in relation to facts subsequently appearing so as 'to assure a compensation proportionate to the degree and duration of disability.'" The present proceedings were not pursuant to that section. If it could be argued that the commission acted under that section, the record wholly

fails to sustain its action. No cause is shown. It is not claimed, nor shown, that relator was guilty of fraud, deceit, or any other conduct that would be a ground for relief. No new facts are proved. The facts known to the respondents when the agreement for the award was signed and upon which it is based are relied on to prove relator is partially, not wholly, dependent. Respondents' present claims are based upon the very facts contained in a written statement furnished them by relator, before the agreement for the award was signed, which they do not dispute. This is not a showing of cause to justify setting aside an award under § 4319. Roos v. City of Mankato, 199 Minn. 284, 271 N. W. 582. This is a case of absolute absence of any evidence to justify opening of the award.

In view of the disposition of the case upon the jurisdictional ground, it is not necessary to discuss other questions presented by the record. The order of the commission of May 21, 1936, that relator is not entitled to further compensation on account of the death of John F. Herzog, is erroneous.

Relator is allowed $100 attorneys' fees in this court and costs and disbursements.

Reversed.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.