## NICKOLAS JOVANOVICH v. ST. PAUL CORRUGATING COMPANY AND ANOTHER.[1]

December 17, 1937.

No. 31,451.

[1]Reported in 276 N. W. 741.

*Sanborn, Graves, Appel, Andre & Morton,* for relators.
*Leslie C. Smith,* for respondent.

HOLT, JUSTICE.

*Certiorari* to the industrial commission to review its order vacating an unappealed decision of its referee, filed about two years previously, and ordering a rehearing.

It appears that respondent on March 8, 1934, received an accidental injury arising out of and in the course of his employment. The employer, the St. Paul Corrugating Company, and its insurer are relators. Respondent's injury was recognized by the employer as compensable under the workmen's compensation act, and for 19 weeks compensation was paid and medical treatment was furnished. At the end of that period the employer and relator declined to pay any further compensation, claiming disability from the accidental injury was cured. Thereupon respondent filed with the commission his petition for compensation. A hearing was had before a referee, who filed his findings February 1, 1935. The findings were in respondent's favor except this:

"That at the cessation of the payments of compensation on August 1, 1934, the petitioner had fully recovered from any and all effects of the accidental injury sustained by him in said employment, but was subsequent to that date disabled by a condition due to natural causes and disease not associated with his employment."

There was no appeal from the referee's decision. It appears from the record that respondent claimed the injury was to his back in the right lumbar region, and that he was totally disabled at the time of the hearing. He tried a number of doctors without receiving relief. They did not agree as to what caused the disability. One physician quite confidently attributed respondent's condition to

a spastic colon. The newly discovered evidence, and it may properly be so termed, is that in June, 1936, at the Mayo Clinic in Rochester, an operation was performed on respondent's back at the location of his original injury, and in December following, when this application was filed to vacate the former decision, it appears that the operation had entirely removed the disability. In the opinion of the surgeons who advised and performed the operation, the accidental injury of March 8, 1934, produced the condition in the back remedied by the operation.

Relators concede that the commission had jurisdiction to entertain respondent's petition and also that its action thereon came within its sound judicial discretion. Mark v. Keller, 188 Minn. 1, 246 N. W. 472; Hawkinson v. Mirau, 196 Minn. 120, 264 N. W. 438, 265 N. W. 346; Herzog v. City of New Ulm, 199 Minn. 352, 272 N. W. 174. But it is insisted that the showing here made is not good cause for a rehearing within the meaning of 1 Mason Minn. St. 1927, § 4319. If the accident of March 8, 1934, produced the bone injury and resulting disability which the bone-grafting operation at the Mayo Clinic, in June, 1936, cured, the compensation paid was certainly inadequate. The total disability existing from August 1, 1934, to December, 1936, and the medical and hospital expenses during that time remain uncompensated and unpaid. Had respondent been able to prove at the hearing before the referee that an operation such as was performed in June, 1936, would have cured the disability, there would have been little doubt of a different result. As the evidence stood, the referee had basis for the conclusion that either arthritis or a spastic colon, neither of which was caused by the accidental injury, was the cause of his then disability. Even with the modern marvelous advancement of medical science, it must be conceded that the best of doctors sometime fail correctly to diagnose a human ailment. In the instant case no fault can be found with the preparation of the case at the referee's hearing, either from a medical or a legal standpoint; but it is now clear from the result of the subsequent operation that new evidence is at present available which, on a rehearing, is likely to lead to a different decision than the one vacated. It does not occur to us

that this evidence so available is merely cumulative. There is no abuse of discretion discernible in the order under review. We refrain from further discussing the evidence adduced at the hearing since there is to be a trial *de novo*. We think the following decisions justify the order of the commission: Glassman v. Radtke, 177 Minn. 555, 225 N. W. 889; Kummer v. Mutual Auto Co. 185 Minn. 515, 241 N. W. 681. With the evidence of the successful operation in, there may be no conflict as to the cause of the disability. It is not likely to be attributed to a spastic colon. There, of course, is still the problem of whether the accidental injury produced the lesion cured by the operation.

The writ is discharged and the order affirmed. Respondent may tax $50 attorney's fees as costs.

[1]Reported in 276 N. W. 744.