SMITH *v.* THOMPSON CONSTRUCTION COMPANY ET AL.

[No. 28,259. Filed October 18, 1946. Rehearing Denied November 27, 1946.]

*Dailey, Dailey & Dailey, and Clinton H. Givans,* all of Indianapolis, for appellant.

*James V. Donadio, George P. Ryan,* and *Ross, Mc-Cord, Ice & Miller,* all of Indianapolis, for appellees.

O'MALLEY, J.—The appellant was injured in 1936 and filed a claim for compensation. The matter was heard and a finding was made that the appellant was in the employ of the appellee, Thompson Construction Company, on December 8, 1936, the date on which it was claimed that the accident occurred, at a weekly wage of $15.00. On all other material claims in the application the finding was for the defendant employer, appellee herein. This award was entered July 6, 1939.

On February 21, 1945, the appellant filed a petition with the Industrial Board requesting that the award of the Board, denying compensation, be set aside on account of mistake of fact. The mistake of fact is described as follows:

> ". . . that said Board's action in denying his claim . . . was based upon an erroneous opinion . . . that his disability was not caused by injuries received in the accident . . . , and that said erroneous opinion of said Board was based upon erroneous

testimony of doctors called at the time of the hearing to testify as to the nature of this petitioner's disability; that said testimony by said doctors was a direct result of lack of information on the part of said doctors as to the condition of the petitioner and a lack of familiarity by them of the true nature of his injury, and a lack of familiarity on their part as to the treatment necessary to alleviate the condition."

It is further claimed that the award of July 6, 1939, ". . . was based upon misinformation and mistaken diagnosis of the doctors, and that he was desirous of reopening said case for further hearing. . . ."

The appellant relies on § 40-1410, Burns' 1940 Replacement, wherein it is said, "The board may at any time correct any clerical error or mistake of fact in any finding or award." While this section has been considered by the Appellate Court of this State, it has in each instance been in a cause wherein there was a money award. See *Terre Haute Paper Company* v. *Price* (1943), 113 Ind. App. 578, 47 N. E. (2d) 166, and cases cited. This section of the statute provides a one year statute of limitations on petitions to modify, but the petition in this case was filed almost nine years after the accident and more than six years after the denial of compensation.

The authorities cited from Minnesota, *Kummer* v. *Mutual Auto Co.* (1932), 185 Minn. 515, 241 N. W. 681; *Glassman* v. *Radtke* (1929), 177 Minn. 555, 225 N. W. 889; and *Jovanovich* v. *St. Paul Corrugating Co.* (1937), 201 Minn. 412, 276 N. W. 741, are not persuasive. Minnesota has a positive statute granting authority to the board to reopen, set 'aside or grant a new hearing upon application. That statute, G. S. 1923 (1 Mason, 1927), § 4319, is as follows:

"At any time after an award has been made and before the same .has been reduced to judgment or writ of .certiorari issued .by the Supreme Court; the commission may for cause, upon application of either party and not less than five days'· notice in writing to all interested parties, set the award aside and grant a new hearing and thereon determine the matter on its merits. . . ."

The findings were not reduced to judgment and no writ of *certiorari* was issued by the Supreme Court in any case, so that jurisdiction remained in the board to entertain each petition to set aside the finding and to grant a new hearing.

There is no statute in this State which is similar to that in Minnesota. Since the Board derives its authority from the statutes, it can do the things authorized by the Legislature and beyond that it cannot legally go. Its authority is not expanded by the "common law."

In Massachusetts the statute is similar to our own, and there it has repeatedly been held that a compensation agreement or award of the board is final on "the fact of employment, of injury arising out of and received in the course of the employment." *MacKinnon's Case* (1934), 286 Mass. 37, 190 N. E. 117. See *Hurley's Case* (1920), 235 Mass. 387, 126 N. E. 775; *Kareske's Case* (1924), 250 Mass. 220, 145 N. E. 301.

In our own State it has been held that the finding of the Board on the essential facts necessary to a money award is conclusive on the parties, in the absence of an appeal. It is further held that an application for review or modification under § 45 of the Act must depend on a compensation or money award as a legal basis, and under this section, the applicant has no right to again be heard on the essential ultimate facts necessary to be established and which have been adjudicated in the orig-

inal award. *Lukich* v. *West Clinton Coal Co.* (1937), 104 Ind. App. 73, 10 N. E. (2d) 302. The Board found against the appellant on the essential primary facts and no authority to again try those primary facts has been granted by the Legislature.

We do not believe that the grant of authority to correct clerical errors or mistakes of fact can be interpreted to mean that the Board may at any time grant a new hearing upon the essential necessary issues which have been determined. Section 40-1410, Burns' 1940 Replacement must be read along with all other sections of the statute.

The decision of the Appellate Court of Indiana is reversed with direction to that Court to affirm the finding of the Industrial Board.

NOTE.—Reported in 69 N. E. (2d) 16.