## DESZANCSITY *v.* OLIVER CORPORATION

[No. 18,024. Filed October 17, 1950. Rehearing denied November 13, 1950. Transfer denied February 1, 1951.]

Frank C. Olive and Thomas C. Batchelor, both of Indianapolis; and Milton A. Johnson, of South Bend, for appellant.

James V. Donadio; and Ross, McCord, Ice & Miller (of counsel), both of Indianapolis, for appellee.

ROYSE, C. J.—On January 10, 1947 appellant filed an action before the Industrial Board for workmen's compensation for injuries allegedly received in an accident arising out of and in the course of his employment by appellee. In that action both the hearing member and the Full Industrial Board found against appellant on the grounds that he did not sustain an accidental injury arising out of and in the course of employment. Appellant then appealed to this Court and on October 26, 1948 we affirmed the award of the Industrial Board. Deszancsity v. Oliver Corporation (1948), 118 Ind. App. 504, 81 N. E. 2d 703.

Subsequently, on March 28, 1949, appellant filed with the Industrial Board another application for an award of compensation against appellee. This application claims the accident occurred on the same date alleged in his original application. In this application he asserts disability occurred on January 30, 1947, while in the first application he asserted it occurred the day of the accident. This application describes his injuries with more particularity than the first. On appellee's motion the hearing member dismissed this application. Appellant appealed to the full Board and also filed with said Board his application for a review of the first

award because of a mistake of fact in that finding and award. In this petition appellant made substantially the same contention he made to this Court on his first appeal. The Full Board denied the second application for compensation and the petition to review its original award.

In the case of *Smith* v. *Thompson Construction Company et al.* (1946), 224 Ind. 565, 69 N. E. 2d 16, our Supreme Court said:

"In our own State it has been held that the finding of the Board on the essential facts necessary to a money award is conclusive on the parties, in the absence of an appeal. It is further held that an application for review or modification under § 45 of the Act must depend on a compensation or money award as a legal basis, and under this section, the applicant has no right to again be heard on the essential ultimate facts necessary to be established and which have been adjudicated in the original award. *Lukich* v. *West Clinton Coal Co.* (1937), 104 Ind. App. 73, 10 N. E. 2d 302. The Board found against the appellant on the essential primary facts and no authority to again try those primary facts has been granted by the Legislature.

"We do not believe that the grant of authority to correct clerical errors or mistakes of fact can be interpreted to mean that the Board may at any time grant a new hearing upon the essential necessary issues which have been determined. Section 40-1410, Burns' 1940 Replacement must be read along with all other sections of the statute."

On the first appeal in this case this Court affirmed the award of the Full Board denying appellant a money award. Therefore, on the authority of the above case the Full Board did not err in denying appellant's petitions for an award and a review of its original award.

Award affirmed.

NOTE.—Reported in 94 N. E. 2d 486.