**INDIANA AIR POLLUTION CONTROL BOARD; Indiana Environmental Management Board; Secretary of State; Governor; the Attorney General, and the Indiana Legislative Council, Appellants,**

v.

**CITY OF RICHMOND, Appellee.**

No. 1283S472.

Supreme Court of Indiana.

Dec. 30, 1983.

Rehearing Denied Feb. 20, 1984.

Linley E. Pearson, Atty. Gen., Harry John Watson, III, Deputy Atty. Gen., Indianapolis, for appellants.

Edward Anderson, City Atty., Richmond, Paul Hirsch, Stan B. Hirsch, Haymaker, Hirsch & Fink, Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Indiana Court of Appeals. The City of Richmond (City) brought action against the Indiana Air Pollution Control Board (APCB) seeking to prevent final promulgation of the "rule" classifying Wayne township as a "nonattainment" area. The Wayne Circuit Court entered summary judgment in favor of the City. The Court of Appeals, Fourth District, reversed the decision of the trial court. *Indiana Air Pollution Control Board v. City of Richmond,* (1983) Ind. App., 443 N.E.2d 1262.

The question presented for our review is whether the classification of areas as attainment or nonattainment by the APCB constituted administrative adjudication or whether it constituted rule making. We feel the Court of Appeals erred in holding that the classification constituted rule making; accordingly, we grant transfer, vacate the opinion of the Court of Appeals, and affirm the judgment of the trial court.

The fact situation as related by the Court of Appeals reads as follows:

On April 23, 1980, a representative of the [APCB] held a public hearing in Indianapolis regarding proposed amendments to two existing regulations, namely the attainment and nonattainment status of certain areas under its standards for ambient air quality. Evidence was presented concerning the existence of violations in Wayne Township of Wayne County. After the hearing concluded, the hearing officer recommended Wayne Township be designated "nonattainment."

The [APCB] later adopted the hearing officer's recommendation. A "nonattainment" area is one in which airborne pollutants have reached impermissible levels.

The City then filed its complaint seeking to prevent the final promulgation of the "rule" classifying Wayne Township as "nonattainment." The [APCB] moved to dismiss the complaint on the basis it had properly promulgated a rule; thus, the City had no standing to bring the action. The trial court denied the motion to dismiss. The City then moved for summary judgment and it was granted."

Upon appeal, the Court of Appeals reversed the trial court's decision granting summary judgment. The City then petitioned this Court for transfer.

325 Ind.Adm.Code 1.1–2 *et seq.* (Supp. 1982) establishes "ambient air quality standards to the extent necessary to protect public health and welfare, and which are consistent with the intent and provisions of the Indiana Air Pollution Control Law." 325 IAC 1.1–2–1 (Supp.1982). It is conceded that the adoption of these standards was a matter properly handled by administrative rule making. The issue involved here concerns the APCB's order, 325 IAC 1.1–3–2(b)(5), which found that Wayne Township violated the ambient air quality standards established by 325 IAC 1.1–2, thereby declaring the Township "nonattainment" for sulphur dioxide levels. The City contends that this finding was not a proper subject for administrative rule making, but rather, was an administrative adjudication subject to the hearing and judicial review procedure of the Indiana Administrative Adjudication Act, Ind.Code § 4–22–1–1 *et seq.*

(Burns Repl.1982). The Board maintains that 325 IAC 1.1–3–2(b)(5) was a classification and, pursuant to Ind.Code § 4–22–2–3, properly constituted rule making. The Court of Appeals found that a nonattainment classification is a rule after reviewing federal cases (*New Jersey v. United States Environmental Protection Agency,* (D.C. Cir.1980) 626 F.2d 1038; *City of Waco v. Environmental Protection Agency,* (5th Cir.1980) 620 F.2d 84; *United States Steel Corp. v. United States Environmental Protection Agency,* (5th Cir.1979) 595 F.2d 207) interpreting the Federal Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* (1976).

We agree with the City that state and federal statutes and procedures differ, and that the regulatory schemes of the two jurisdictions differ. Our Indiana Code defines a "rule" and an "administrative adjudication" as follows:

"The word 'rule' means any rule, regulation, standard, classification, procedure, or requirement of any agency, designed to have or having the effect of law or interpreting, supplementing or implementing any statute, but does not include resolutions or directions of any agency relating solely to internal policy, internal agency organization or internal procedure which do not have the force of law and does not include 'administrative adjudication.'

'Administrative adjudication' means the administrative investigation, hearing and determination by any agency of issues or cases applicable to particular parties."

Ind.Code § 4–22–2–3 (Burns Repl.1982)

■ An administrative agency must follow the procedures outlined for it and the law which establishes the agency; an administrative agency can have no more or less power than the statute creating it grants. *Gordon v. Review Board of Indiana Employment Security,* (1981) Ind. App., 426 N.E.2d 1364. The Indiana Environmental Management Act, Ind.Code § 13–7–1–1 to 13–7–18A–6 (Burns Repl. 1981 and Supp.1983), created the Environmental Management Board (Board). The powers and duties of the APCB were not affected by this Act, Ind.Code § 13–7–2–9 (Burns Repl.1981), although the "establishment of priorities and coordination of the functions and services of such agencies [such as the APCB and the stream pollution control board] are hereby conferred on the [B]oard." *Id.* Under its enforcement provisions, "[t]he [B]oard or an agency, or a designated member of the staff of the [B]oard or an agency, on receipt of information of any alleged violation of this article or of any regulation or standard adopted hereunder, may initiate an investigation." Ind.Code § 13–7–11–1 (Burns Repl. 1981). A succeeding section, Ind.Code § 13–7–11–3, holds that all hearings under this article shall be held in accordance with the Administrative Adjudication Act, Ind. Code § 4–22–1–1 to 4–22–1–30.

In addition, Ind.Code § 13–1–1–1 to 13–1–1–11 (Burns Repl.1981 and Supp.1983) governs the practices and policies of the APCB. § 13–1–1–4(A)(4) states:

"(A) Powers and duties of the air pollution control board.

The duty and power to administer and carry out the adjudicatory provisions of this act [13–1–1–1—13–1–1–10] hereinafter set forth in this section is hereby vested in the air pollution control board and such board is hereby empowered to:

\* \* \* \* \* \*

(4) Bring appropriate action to enforce its final orders or determinations under the Indiana Administrative Adjudication and Court Review Act [4–22–1–1—4–22–1–30]. Such action shall be brought in the name of the air pollution control board of the state of Indiana."

■ The APCB's determination on July 2, 1980, at which time it adopted 325 IAC 1.1–3–2, was a determination that the ambient air quality standards set forth in 325 IAC 1.1–2–1 to 1.1–2–4 were being violated in Wayne Township in Wayne County. This determination was more than a classification subject to standards. All of the parties concede that the APCB conducted

an investigation, collected evidence, and made findings on that evidence. Pursuant to Ind.Code § 13–1–1–8 (Burns Repl.1981), the APCB has power to hold hearings with respect to suspected violations of its acts and regulations:

> 13–1–1–8 [35–4606]. Hearings.—The air pollution control board may hold a hearing with respect to any suspected violation of the provisions of this act [13–1–1–1—13–1–1–10]:
> (1) Upon its own motion,
> (2) Upon complaint filed with the board by any person, and
> (3) Upon complaint filed with the board by the appropriate officer of any town, city or county or of the state board of health.
>
> Notice of hearing, the conduct of such hearing and appeal from any order or decision of the control board shall be in accordance with the provisions of the Indiana Administrative Adjudication and Court Review Act, as amended [4–22–1–1 —4–22–1–30].

When conducting such hearings, the APCB is required to comply with the provisions of the Administrative Adjudication Act, which it did not do in this case. The trial court mentioned this in its findings of fact.

Under Indiana law an administrative agency has only such power as its creating statute has bestowed upon it. Any act of such administrative agency for which there is no authority in its governing statute is void and of no effect. *General Telephone Co. v. Public Service Comm'n*, (1959) 238 Ind. 646, 154 N.E.2d 372; *Smith v. Thompson Constr. Co., Inc.*, (1946) 224 Ind. 565, 69 N.E.2d 16. Lacking the specific statutory authority to proceed by rule making for determining violations of ambient air quality standards, *Clary v. National Friction Products, Inc.*, (1972) 259 Ind. 581, 290 N.E.2d 53, the determination of the APCB is without effect. The trial court was correct in entering summary judgment in favor of the City and providing that if the APCB wished to make a determination of alleged violations of the ambient air quality standards, it must do so pursuant to the Administrative Adjudication Act and not through administrative rule making.

 Another issue questioned whether the City had standing to bring this action. The Court of Appeals stated in a footnote that if the APCB's determination had been an adjudication, this issue would be moot as standing is granted under Ind.Code § 4–22–1–14. Today's ruling holds that the action was an adjudication under the Code and thus the City of Richmond has standing. The Court of Appeals also felt that the appellee could show no specific or present harm and thus lacked standing. However, we believe that the City of Richmond's assertion that such a classification is harmful may not be such a remote and speculative proposition, particularly where, as in the present case, the geographical area is small and the city-owned electric company may be the only possible violator of the pollution standards.

Transfer is granted, the opinion of the Court of Appeals is vacated, and the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.