# CHARLES MARK v. JOHN W. KELLER AND ANOTHER.[1]

January 20, 1933.

No. 29,007.

[1]Reported in 246 N. W. 472.

*Merriam & Wright,* for relators.
*Austin & Wangensteen* and *H. C. Applequist,* for respondent.

STONE, JUSTICE.

Certiorari to the industrial commission to review an award of increased compensation, a former award having been set aside and a rehearing granted.

April 5, 1926, Charles Mark, the employe-respondent, suffered occupational injury and was awarded, in addition to his expense of hospitalization and treatment, a compensation payable weekly. Thereafter, October 16, 1926, the insurer-relator filed notice of its intention to discontinue payments as of September 26, 1926. The employe filed his objections, and the issue so made came on for hearing December 15, 1926.

The referee awarded compensation "at the rate of $16 per week beginning with the 5th day of April, 1926, and continuing to the 14th day of August, 1926, a period of 18 weeks and 5 days, same constituting the healing period, and in addition thereto compensation at the rate of $16 per week for permanent partial disability consisting of sixty per cent loss of use of the right hand * * * for a period of 105 weeks, deducting therefrom the amount of compensation already paid."

On appeal to the industrial commission the referee's award was confirmed April 30, 1927.

The required payments were made, and by about August 15, 1928, the obligations of employer and insurer thereunder had been fully performed. But May 15, 1931, on petition of the employe, the second award was vacated. The resulting rehearing brought a new and third award raising the rate of compensation to $19.60 per week, the healing period to 22 weeks, and increasing the duration

of the other payments to 153¼ weeks. On appeal to the commission, the referee's award was affirmed February 23, 1932. That decision is now under review.

■ It is claimed by the employe that the order allowing a rehearing could have been reviewed on certiorari and so is not now open to question in connection with the decision resulting from the rehearing. That claim we cannot allow. Assuming that the order setting aside the original award and granting a rehearing was itself reviewable, it was but a step preliminary to the rehearing, the decision on which is now before us. Intermediate orders may be reviewed on a writ bringing up a final determination. State ex rel. Tolversen v. District Court, 134 Minn. 435, 159 N. W. 965; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1402, footnote 68. We hold here that the writ has brought up for review not only the final decision directly under attack but also the whole record of the case in so far as the final decision must necessarily rest thereon for its justification.

■ The right to grant a rehearing is predicated upon the general provisions of G. S. 1923 (1 Mason, 1927) § 4319. But recently in Rosenquist v. O'Neil & Preston, 187 Minn. 375, 245 N. W. 621, we had occasion to apply the special and restrictive provisions of G. S. 1923, § 4295, as amended, 1 Mason, 1927, id. There an award had been made and notice of discontinuance of payments given pursuant to § 4295. The employe objected, and the commission held that the right to compensation had terminated. We held that under § 4295 their jurisdiction was at an end.

This case is slightly different in its facts, because here, when the issue was made in 1926 and finally decided by the commission in April, 1927, the decision was not that the right to compensation had ended already, but that it would at a fixed time in the future. Whether that differentiates in principle we shall not determine, because the question was not made before the commission. The record does not disclose that when the application for rehearing was made there was any objection on the ground of jurisdiction or otherwise. Nor when the matter came on for hearing before

referee Halverson in June, 1931, was there any such objection. It appears that both employer and insurer appeared generally, without objection, and so submitted to the jurisdiction of the industrial commission. They should not be heard to question it for the first time when the matter comes here for review.

It may be well in passing to suggest that § 4319 permits an award to be set aside and a new hearing to be had only "for cause." That means for good cause, that is, some such cause as fraud or surprise, so that in the exercise of sound judicial discretion the award should be vacated and a new hearing had. It was not the purpose of § 4319 to permit repeated relitigation of such issues as are susceptible of best and final decision at the initial hearing, e. g. rate of wages, but to permit adjustment of the award in relation to facts subsequently appearing so as "to assure a compensation proportionate to the degree and duration of disability." Glassman v. Radtke, 177 Minn. 555, 558, 225 N. W. 889, 890. But we cannot pursue that inquiry further, for again, although the record does not disclose that any cause whatever was shown for setting aside the award, no objection was made on that ground, and it is too late to raise it here for the first time.

The order under review is affirmed.