## JOHN BAUDEK v. OLIVER IRON MINING COMPANY.[1]

May 19, 1939.

No. 32;021.

[1]Reported in 285 N. W. 887.

*Austin & Wangensteen,* for relator.
*Dennis F. Donovan,* for respondent.

GALLAGHER, CHIEF JUSTICE.

*Certiorari* to the industrial commission to review an order disallowing compensation for employe except for a period of three weeks.

On July 8, 1935, John Baudek, employe of the Oliver Iron Mining Company, a self-insurer, sustained an accidental injury which arose out of and in the course of his employment. On June 3, 1936, he filed a claim petition with the industrial commission alleging total permanent disability as a result of the injury. Employer answered admitting an accidental injury on the date claimed but denying liability. The answer alleged, in effect, that if employe was suffering from disability it was due to causes extraneous to his employment and having no connection therewith.

The referee found that employe sustained an accidental injury on the date claimed and that it arose out of and in the course of his employment; that as a result thereof he sustained intermittent temporary total disability for an aggregate period of three weeks from July 8, 1935; that about October 11, 1935, he was suffering from an arthritic condition which was not caused or aggravated by said accident; that on November 2, 1935, he was afflicted with a left sciatic neuritis which was not caused or aggravated by said accident; that about November 29, 1935, he was afflicted with a severe heart condition which was not caused or aggravated by said accident; that the heart affliction rendered him permanently totally disabled since about November 29, 1935, and that medical treatment was afforded employe by employer at a cost not disclosed by the record. Employe was awarded compensation at the rate of $17.41 per week for a period of three weeks, without disbursements.

On appeal the commission set aside the findings of the referee regarding the extent of employe's disability and the cause thereof and found that he sustained temporary total disability from July 8

to the date of hearing, October 31, 1936, and awarded compensation for that period. It also directed employer to furnish necessary medical treatment.

On employe's petition for amended findings and his motion for an order directing that the treasurer of the state of Minnesota as custodian of the special fund be made a party to the proceedings and also upon employer's petition for an order reinstating the findings and award made by the referee on October 31, 1936, or in lieu thereof that a reargument be granted, the commission on April 28, 1937, ordered that the award made by it on March 19, 1937, and the award made by the referee be vacated and that the matter be re-referred to the referee for rehearing and reconsideration upon the testimony previously introduced by the parties and such other testimony pertaining to the issues as either of said parties might offer at the hearing.

On rehearing the referee found that employe sustained total disability from July 9, 1935, to August 5, 1937, and that on the latter date he was totally disabled. On appeal by employer the commission set aside these findings and the award entered in pursuance thereof and substituted the findings and award originally made by the referee.

■ It is claimed by employe that the commission was without jurisdiction to order that its first award be vacated and the matter reheard. Our attention is called to 1 Mason Minn. St. 1927, § 4319, relating to rehearings, which provides:

"At any time after an award has been made and before the same has been reduced to judgment or writ of certiorari issued by the Supreme Court, the commission may for cause, upon application of either party and not less than five days' notice in writing to all interested parties, set the award aside and grant a new hearing and thereon determine the matter on its merits and make such findings of fact, conclusions of law, and award or disallowance of compensation or other order, as the pleadings and the evidence produced before it and the provisions of this act shall in its judgment require."

Without reference to whether either of the petitions of the respective parties for amended findings is broad enough to be construed as a petition for reargument within the meaning of § 4319, we find no escape from the conclusion that relator, after taking part in the rehearing without objection, is not now in a position to question the jurisdiction of the commission in that respect. This issue was decided in Mark v. Keller, 188 Minn. 1, 3, 246 N. W. 472, 473. There the court said:

"The record does not disclose that when the application for rehearing was made there was any objection on the ground of jurisdiction or otherwise. Nor when the matter came on for hearing before referee Halverson in June, 1931, was there any such objection. It appears that both employer and insurer appeared generally, without objection, and so submitted to the jurisdiction of the industrial commission. They should not be heard to question it for the first time when the matter comes here for review."

Rehearings may be granted under § 4319 only for cause. However, where a party litigant fails to object to a rehearing because of a failure to show cause for its granting and partakes therein, he cannot for the first time raise the question in this court. Mark v. Keller, *supra*. The requirement of cause is no less absolute than that of application and notice.

■ It is also urged that the commission was not justified under the evidence in finding that employe's disability which resulted from the accident terminated on August 8, 1935. That question is largely a medical one. The findings of the commission as to disability and its termination, as well as all other findings, are entitled to great weight and will not be disturbed unless manifestly contrary to the evidence. If after an impartial consideration of the evidence and of the inferences which may be fairly and reasonably drawn therefrom reasonable minds might reach different conclusions upon the question, the finding must stand. This has been stated in so many cases that it hardly merits repetition. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 10426, and authorities cited in footnote 24.

It appears to be conceded that relator was, at the end of the last hearing, disabled from doing substantial gainful labor. The commission was of the opinion that his condition was due to arthritis, sciatic neuritis, and heart disease and that none of these conditions was caused or aggravated by the injury sustained. In reaching this conclusion the commission was called upon to consider not only the testimony of lay witnesses as to the facts but also the opinions of ten medical experts as to the relation between Baudek's present condition and the injury which he suffered on July 8, 1935. Doctors Smith, Hirschboeck, Krantz, Fahr, and Cheney were called by the petitioner. Their competence was not questioned. These men testified, in effect, that the injury aggravated a preëxisting arthritic condition which probably brought about the sciatica and thus, apart from the heart condition, caused permanent and partial disability. The testimony of these experts was based largely upon the assumption that the injury suffered by Baudek was severe. The commission considered it to be slight and in this respect is supported by the fact that shortly after the accident Baudek climbed 100 feet of ladders to the surface of the mine in which he was working and the testimony of a fellow worker who claimed that during the succeeding months Baudek did his full share of heavy labor. We cannot hold, therefore, that it was error as a matter of law for the commission to fail to give full credence to these experts.

The conclusion of the commission that disability terminated on August 8 is consistent with the testimony of experts called by the employer. Doctor Klein, the company doctor, and Doctors Bowen and Clement testified that there was no causal relation between the injury and the present disability of petitioner. Doctor Barron appeared to be of a similar opinion. Doctor Klein, whose testimony in this respect was somewhat weakened by inconsistent reports given by him to a society of which Baudek was a member, claimed that he considered Baudek fully recovered from the effects of the injury by August 7, 1935.

From a consideration of all the testimony, the commission reached the conclusion that the relator's present physical condition was not caused or aggravated by the accidental injury of which he com-

plained and based its decision thereon. An examination of the record has disclosed evidence which reasonably supports this conclusion. This being so, we must accept the decision of the commission.

The order is affirmed.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.

