# FRANCES RADZAK v. MERCY HOSPITAL AND ANOTHER.

190 N. W. (2d) 186.

September 3, 1971—No. 42840.

*Hammer, Weyl, Halverson & Watters* and *Anthony S. Downs,* for relators.

*Courtney, Gruesen & Petersen* and *David A. Petersen,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Kelly, JJ.

KELLY, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission.[1] The commission vacated a decision of the

---

[1] Since this proceeding was commenced, the Industrial Commission has been renamed the Workmen's Compensation Commission.

referee disallowing compensation after the 30-day period for an appeal therefrom had expired and granted a new hearing in which it was determined that claimant sustained a personal injury arising out of and in the course of her employment and resulting in permanent and total disability.

The issues presented for review are:

(1)    Whether the commission had jurisdiction under Minn. St. 176.461[2] to set aside the denial of compensation by a referee after the 30-day period for appeal under § 176.421 had expired.

(2)    Whether sufficient cause was shown by employee under § 176.461 to sustain the commission's order (a) vacating a referee's decision which denied any compensation to the employee, and (b) remanding the matter for a new hearing.

(3)    Whether the evidence sustains the determinations that the employee's injury arose out of and in the course of her employment and that it resulted in her permanent and total disability.

We affirm the decision of the commission.

On July 20, 1966, Frances Radzak was pulling clothes out of a washer when she felt a snap in her back. She felt no pain at the time, but at home around 5:30 p. m. she felt pain in her back and on the right side. She went to work the next day but was unable to do some of the work she normally did because of the pain, so she sought medical attention. Her condition was diagnosed as a low back sprain initially and she later had an operation for the removal of a protruded disc. The services of several specialists were required for her surgery and treatment and for consultations.

Mrs. Radzak applied for workmen's compensation. At a hearing before a referee only one doctor testified, and his testimony contradicted one of his medical reports. The referee denied the claim on the theory that, while claimant's work may have been

[2] The amendment of this section in 1967 by insertion of a statute of limitations has no effect on the issues presented here.

an aggravating factor, it was not a substantial contributing factor to the injury.

An appeal was filed with the commission, but it was dismissed because the adverse party was not served within the 30-day period required by Minn. St. 176.421.

More than a year after the appeal was dismissed, claimant, relying on § 176.461, filed a petition with the commission to vacate the award. The petition was accompanied by affidavits of two additional doctors who had treated claimant.[3] Since the affidavits contained material evidence which had not been presented at the initial hearing, the commission granted the petition and remanded the case to a compensation judge.

After rehearing, the compensation judge decided that claimant had sustained a personal injury arising out of and in the course of her employment and that she had been permanently, totally disabled from the date of the injury to the date of the hearing. On appeal, the commission affirmed the compensation judge's decision.

Relators contend that the commission lacked jurisdiction to vacate the referee's award and order a new hearing. Under the law in effect at the time of the injury[4] the commission ordered a new hearing pursuant to Minn. St. 1965, § 176.461, which provided:

"Except where a writ of certiorari has been issued by the supreme court and the matter is still pending in that court or where as a matter of law the determination of the supreme court cannot be subsequently modified, the commission, for cause, at any time after an award, upon application of either party and not less than five days written notice to all interested parties,

---

[3] See, Rule 16, Workmen's Compensation Commission Rules of Practice.

[4] "* * * [W]orkmen's compensation statutes in effect at the time of an employee's injury or death govern rights to compensation therefor." Boltz v. Armour Agricultural Chemical Co. 269 Minn. 482, 486, 131 N. W. (2d) 624, 627.

may set the award aside and grant a new hearing and thereon determine the matter on its merits and make such findings of fact, conclusions of law, and award or disallowance of compensation or other order as the pleadings and the evidence produced before it and the provisions of this chapter shall in its judgment require."

Crucial to the resolution of the decisive issue is the determination of the meaning of the statutory reference to "an award." Relators insist that the legislature intended that the term mean a decision favorable to the claimant, affirmatively granting benefits under the act. Claimant insists that the legislature intended that it include any decision by a referee, commissioner, or commission, whether favorable to the claimant or not.

The term "award" is generally used to denote "any decision or determination rendered by arbitrators or commissioners or other private or extrajudicial deciders upon a controversy submitted to them." Berryman v. John F. Casey Co. (Del. Super.) 251 A. (2d) 565, 567; Black, Law Dictionary (4 ed.) p. 174; 4A Wd. & Phr. "Award" (Perm ed.) Pocket Part.

We must also remember the familiar rule that the Workmen's Compensation Act is remedial and humanitarian in its purpose and is to be given a broad, liberal construction in favor of the interests of the claimant. Kolbeck v. Myhra, 255 Minn. 341, 96 N. W. (2d) 633. We therefore hold that the word "award" is synonymous with the word "decision," reaffirming the position previously taken by this court in Rosenquist v. O'Neil & Preston, 187 Minn. 375, 376, 245 N. W. 621, 622, a case arising under an earlier version of Minn. St. 176.461, G. S. 1923, § 4319 (Mason St. 1927, § 4319). We there said:

"* * * On the general question whether the commission has power to grant a rehearing where there is denial rather than 'award' of compensation, we hold with respondent [employee]. It simply cannot be that the legislature intended to allow defeated employer or insurer the right to petition for a rehearing and simultaneously deny equal right to defeated claimant. Such re-

sult would come so near absurdity that it must not be permitted, in the absence of language compelling it. We think that the word 'award' in the statute is synonymous with 'decision.' " [5]

Recently, in Nierengarten v. State Dept. of Highways, 282 Minn. 231, 163 N. W. (2d) 862, a writ of certiorari was issued to review a decision of the commission denying a claim for compensation filed December 7, 1966, and an order of the commission denying a petition for reargument filed January 12, 1967. The state made the claim that this court lacked jurisdiction to review the commission's decision. The state contended that the commission's original order of December 6, 1966, could not be reviewed because certiorari was not applied for within 30 days thereafter, and that this court's review was limited to determining whether

---

[5] Recognizing that the material quoted from the Rosenquist opinion appeared there as dictum, we find the logic of the position stated therein to be compelling. Although it was stated there that the commission generally had the power to grant rehearings pursuant to G. S. 1923, § 4319 (Mason St. 1927, § 4319), this court reversed the commission's order granting a rehearing on the grounds that the commission was controlled in that case by G. S. 1923, § 4295 (Mason St. 1927, § 4295), relating to the discontinuance of compensation payments under the act.

Subsequent to the Rosenquist decision, § 4295 of the Workmen's Compensation Act was amended by L. 1933, c. 74, § 1. That amendment was interpreted by this court in Maffett v. Citizens Bank, 198 Minn. 480, 482, 270 N. W. 596, 597, in the following words: "* * * [T]his amendment was undoubtedly passed in view of the Rosenquist decision and was for the purpose of authorizing the commission to open its decisions rendered under § 4295 prior to a removal to this court by *certiorari* * * *."

Parenthetically, it should be noted that, while the court gave this interpretation to the amendment to § 4295, the claimant seeking a rehearing was denied the same since judgment confirming an award of the commission had been previously entered in district court. The right of the commission to grant a new hearing under § 4295, as amended, was derived from § 4319, which limited the jurisdiction of the commission to cases where application for rehearing had been made before the award was reduced to judgment or a writ of certiorari was issued by this court.

the commission abused its discretion in denying the petition for a rehearing. This court in deciding to review both orders stated:

"It is true that Minn. St. 176.471, subd. 1, requires the employee to act within 30 days from the date he was served with notice of the commission's order, and that a party in interest may act within 30 days from an award or disallowance or 'other order.' It should also be noted that, until it is lost by certiorari, the commission retains jurisdiction for the purpose of reconsidering its decision, and it 'may set the award aside and grant a new hearing' thereon and make such further disposition as shall in its judgment require. § 176.461.

"We held in Jones v. Flour City Ornamental Iron Works, 271 Minn. 42, 134 N. W. (2d) 586, that the commission has continuous jurisdiction so long as cause may be shown to set aside an award." 282 Minn. 238, 163 N. W. (2d) 867.

We therefore conclude that the commission had continuing jurisdiction of this case and that there was not an abuse of discretion when the commission set aside the award (decision) and granted a new hearing for cause.

The determination of whether there is cause to justify the vacation of an award rests in the sound discretion of the commission and its decision is final unless there is an abuse of discretion. Apparently, the commission's finding of cause was based on affidavits of two doctors containing information which was never presented at the hearing before the referee because claimant was surprised by Dr. Swedberg's testimony contradicting one of his medical reports. It would appear that the employee's attorney relied on that report and did not call to testify at the hearing any further medical witnesses whose testimony would have supported the report.

In Ogrosky v. Commonwealth Elec. Co. 172 Minn. 46, 47, 214 N. W. 765, 766, we said:

"* * * Whether the rehearing should have been granted rested in the discretion of the commission. * * * The mere fact that

we might have decided to the contrary does not mean that there has been an abuse of discretion on the part of the commission. Unless there has been a clear abuse of discretion we cannot disturb the order. In the absence of something to indicate that a discretionary power has been exercised arbitrarily, capriciously, or contrary to legal usage, we are bound by the result. So long as such discretion is exercised judicially the result is beyond our reach. Its exercise depends not upon the application of rules of law but upon personal judgment."

Here, the commission did not exercise its discretionary power contrary to legal usage and did not abuse its discretion when it granted the petition to vacate on the basis of surprise. Jones v. Flour City Ornamental Iron Works, 271 Minn. 42, 134 N. W. (2d) 586. See, also, Mark v. Keller, 188 Minn. 1, 246 N. W. 472. This court in Stokes v. J. L. Shiely Co. 278 Minn. 354, 154 N. W. (2d) 404, also recognized the power of the commission to vacate an award when the interests of justice so dictate.

Relators argue that the claimant did not establish that her injury was work-connected nor that she was permanently and totally disabled. The commission concluded that the compensation judge properly followed Forseen v. Tire Retread Co. 271 Minn. 399, 136 N. W. (2d) 75, in finding the injury work-related since the facts and claims in Forseen were strikingly similar to those in the present case, although the work in the present case was not as strenuous as in Forseen. The commission also reasoned that the unanimity of medical testimony in the present case is a sufficient basis for the finding of a causal relationship between the employee's work and her disc condition. The record also contains medical testimony that supports the commission's determination that claimant was permanently and totally disabled.

The function of this court in reviewing the findings of fact of the commission is not to determine whether on the facts the decision of the commission is correct, or even preferable to another, but rather it is only to determine whether the decision has

a sufficient basis of inference reasonably to be drawn from the facts. Anderson v. Sandberg Poultry Farm, 263 Minn. 360, 365, 116 N. W. (2d) 585, 589. This scope of review is synonymous with Minn. St. 15.0425 which authorizes the modification upon judicial review by any court of any decision of an administrative agency which is, inter alia, "[u]nsupported by substantial evidence in view of the entire record as submitted." We cannot say that the record in this case does not contain support for the commission's decision.

Claimant is allowed $250 in attorneys' fees in this court.
Affirmed.