## LOWELL H. HILL v. CONROY BROTHERS COMPANY, INC., AND ANOTHER.

237 N. W. 2d 606.

December 19, 1975—No. 45071.

*Van Eps, Gilmore & Chantry* and *George R. Benton* for relators.

*Grose, Von Holtum, Von Holtum, Sieben & Schmidt* and *Timothy J. McCoy,* for respondent.

Heard before Sheran, C. J., and Otis, Kelly, Todd, and Mac-Laughlin, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Relators seek review of a decision of the Workmen's Compensation Commission awarding benefits to respondent. They contend that the commission abused its discretion in vacating the original award of benefits and that the commission's finding that respondent is permanently and totally disabled is unsupported by the evidence. We affirm.

Respondent sustained injuries to his lower back at work on April 9, 1966, and October 17, 1966. On September 11, 1967, he was awarded benefits for 104 weeks of temporary total disability and for a 30-percent permanent partial disability of the back. At the compensation hearing respondent's counsel specifically reserved the question of permanent total disability. Despite this statement, counsel for respondent solicited substantial lay and

medical testimony during the hearing relating to this issue. Nevertheless, the referee in the original hearing made no findings as to the question of permanent total disability. His findings were affirmed by the commission on appeal, and there was no appeal to this court from these affirmed findings.

Two commissioners wrote memoranda which tend to confuse the issue presently before us. In each memorandum, the commissioner discussed the issue of permanent total disability, an issue not before them for review. This error was further compounded in subsequent proceedings before the commission. Again, the referee and the commission proceeded on the assumption that the issue of permanent total disability had been decided in the original proceedings. As indicated previously, this assumption is not borne out by the record. Thus, the first time respondent has presented this issue is in the present proceedings.

On March 26, 1973, the commission ordered the decision of September 11, 1967, vacated in the interest of justice pursuant to Minn. St. 1971, § 176.461.[1] Subsequent to a second compensation hearing, respondent was awarded benefits for permanent total disability with credit given for the previous award. The award and the finding that respondent's injuries of 1966 aggravated a preexisting emotional condition rendering him permanently and totally disabled were upheld by the commission on appeal.

---

[1] Minn. St. 1971, § 176.461, provided: "Except where a writ of certiorari has been issued by the supreme court and the matter is still pending in that court or where as a matter of law the determination of the supreme court cannot be subsequently modified, the commission, for cause, at any time after an award within eight years from the date compensation was last paid, upon application of either party and not less than five days after written notice to all interested parties, may set the award aside and grant a new hearing and thereon determine the matter on its merits and make such findings of fact, conclusions of law, and award or disallowance of compensation or other order as the pleadings and the evidence produced before it and the provisions of this chapter shall in its judgment require."

We have held that the determination of whether there is cause to justify vacating a prior award rests in the sound discretion of the commission and its decision is final absent an abuse of discretion. Radzak v. Mercy Hospital, 291 Minn. 189, 190 N. W. 2d 86 (1971). We feel that the commission's action in this case is consistent with the basic statutory objective for which their discretion is invested, i. e., "to assure a compensation proportionate to the degree and duration of disability." Elsenpeter v. Potvin, 213 Minn. 129, 132, 5 N. W. 2d 499, 501 (1942); Mattson v. Abate, 279 Minn. 287, 292, 156 N. W. 2d 738, 741 (1968). Further, we hold that respondent has not previously had a determination of this issue which would preclude the vacation of the original award.

Although there is testimony to the contrary, the commission's finding that respondent was permanently and totally disabled as the result of an aggravation of a preexisting emotional condition by his injuries at work is supported by substantial evidence and must be affirmed. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971); Minn. St. 15.0425(e).

Attorneys fees in the amount of $350 are awarded respondent on this appeal.

Affirmed.

OTIS, JUSTICE (dissenting).

Although respondent, Lowell Hill, may have reserved the issue of permanent total disability when the matter was first litigated in August 1967, the decisive issue which was resolved at that time was whether or not his disability resulted from an aggravation of a prior condition, namely, a longstanding emotional instability. The commission twice held that respondent's condition was attributable in part to a nervous disorder unrelated to his employment. No appeal was taken to this court from those decisions, and under our established rules that issue is res judicata. I cannot agree, therefore, that the commission may now review again the question of aggravation.

On September 11, 1967, Referee Robert E. Faricy made the following finding:

"That the employee, in addition to the back injury above described, has a nervous condition and a tenseness, the result of enlistment in the Navy, and has an arrested t.b. condition and has domestic problems which play a predominate part of his disability, none of which has any reference to his employment with this employer, but interfere to a marked degree in his employability."

On August 12, 1968, the commission affirmed the referee's findings, stating in an accompanying memorandum:

"* * * While the employee has disability by reason of the injury, the principal cause of his inability to work or have surgery is his long standing emotional disability which is unrelated to his employment or injuries. He has not worked since October 17, 1966.

"The employee has been rated at 100% service-connected disabled by the Veterans Administration. Dr. Posey, a psychiatrist of the staff of the [Veterans] Hospital testified that removal of the physical disability would not result in improvement and that if the injury of April 1966 had not occurred, something else would have caused the same result.

"From a review of the evidence as a whole we do not believe that it can reasonably be concluded that the employee's continued disability results from aggravation of his pre-existing disability by reason of injuries in his employment."

On April 12, 1970, respondent filed a claim petition for permanent total disability. The compensation judge held that the prior order of the commission was res judicata and declined to entertain the petition. Again, the commission affirmed on April 29, 1971, stating in its memorandum:

"The petition requests another hearing on the issue of disability since October 17, 1966 but does not assert any change in

condition or any new facts. As indicated by the record and the previous decision, the employee has substantial disability unrelated to his employment injuries of April 9, 1966 and October 17, 1966. It is our opinion that in view of the previous proceedings, the employee must establish cause to vacate the prior determination as a basis for re-hearing. Thus far there has been no showing of the existence of facts warranting the vacation of the prior decision."

On April 25, 1972, respondent filed a petition to vacate the decision of Referee Faricy. Although the commission denied the petition it indicated that it would review the petition after submission of further medical information. In so doing, it stated:

"IT IS FURTHER ORDERED that upon filing of up-to-date medical opinion in support of present claim that employee is permanently and totally disabled as a result of aggravation of pre-existing emotional problem or as a result of back injury, or both, as a result of prior injury sustained April 9, 1966, that the Commission will again review said further petition and accompanying medical reports."

Respondent, in response to the commission's suggestion, filed another petition to vacate on December 20, 1972. In support of that petition, one doctor made the following statement:

"In my opinion his continuing severe back difficulties, as well as his emotional and nervous disorders, make him permanently and totally disabled from carrying on with any sustained type of gainful occupation."

A second doctor stated:

"Therefore, my opinion is that this man is permanently and totally disabled as a result of the combination of the back injury and exacerbation or aggravation of his pre-existing emotional condition."

The petition was granted March 26, 1973, and a hearing was held. The compensation judge made the following finding:

"That said employee had a pre-existing emotional and neurotic condition, which condition was aggravated substantially by said back injuries, and thereby causing said employee to be permanently totally disabled for any sustained gainful work in any field of endeavor."

In affirming the findings and determination of the compensation judge, the commission also held:

"* * * It also appears clear that the employee's back injury aggravated his pre-existing neurotic condition which is a substantial factor in his disability."

While a liberal policy in reviewing the deteriorating physical condition of employees suffering from work-related accidents is a policy to be encouraged, it is not to be confused with a countervailing policy of prohibiting repetitious litigation of the same issue. Here, the referee, the compensation judge, and the commission all addressed themselves to the question of whether the 1966 injuries aggravated respondent's nervous disorder and twice it was held that it did not. Under such circumstances we have applied this rule:

"* * * It was not the purpose of [the statute] to permit repeated litigation of such issues as are susceptible of best and final decision in the initial hearing, but to permit adjustment of the award in relation to facts subsequently appearing so as 'to assure a compensation proportionate to the degree and duration of disability.' "

Elsenpeter v. Potvin, 213 Minn. 129, 132, 5 N. W. 2d 499, 501 (1942).

In Jacobson v. Uptown Transfer & Storage Co. 268 Minn. 336, 129 N. W. 2d 41 (1964), we held:

" 'Cause' sufficient to justify the vacation of an award means some such cause as fraud or surprise or some factor involving the disability or death of an employee unknown at the original

364

determination that would lead to a conclusion that the original award was incorrect."

Finally, in affirming the vacation by the commission of a prior determination, we added this caveat in Turner v. Federal Reserve Bank of Minneapolis, 298 Minn. 161, 167, 213 N. W. 2d 414, 418 (1973):

"As we have often stated, in light of the humanitarian and remedial purposes of the law, the commission has broad discretion to set aside awards where justice requires it. While compensation decisions do not enjoy the same finality as ordinary judgments, the parties are entitled to have their litigation laid to rest with some assurance of finality if there has been an opportunity to fully explore the issues and no substantial change has occurred since the time of the award."

Accordingly, I would reverse the decision of the commission on the grounds of res judicata.

PETERSON, JUSTICE (dissenting).
I join in the dissenting opinion of Mr. Justice Otis.