**Harold J. JACKSON, Relator,**

v.

**CEDAR GROVE CONSTRUCTION COMPANY, et al., Respondents.**

No. 49324.

Supreme Court of Minnesota.

July 20, 1979.

Robins, Davis & Lyons, Arnold M. Bellis and John G. Brian, III, St. Paul, for relator.

Hansen, Dordell & Bradt and Gene P. Bradt, St. Paul, for respondents.

Heard before OTIS, PETERSON, and KELLY, JJ., and considered and decided by the court en banc.

KELLY, Justice.

In 1971, Harold J. Jackson (employee) filed a petition with the Workers' Compensation Commission seeking an award of benefits for expenses incurred for an injury to his left hip, allegedly suffered on the job following a fall from a scaffold in 1967. The petition was heard before a compensation judge who found that the employee was entitled to compensation and ordered the appropriate award.

The employer-insurer appealed and the Workers' Compensation Court of Appeals reversed, finding that employee had not sustained an injury to his hip as alleged and further found that employee had failed to give the required notice to a person in suitable authority to receive such notice on behalf of the employer. That decision was subsequently appealed to this court where it was eventually dismissed for failure to file a timely brief.

Thereafter, in 1978, employee filed a petition to vacate the previous determination with the Workers' Compensation Court of Appeals together with certain documents and exhibits which employee claimed represented evidence that was never introduced to or considered by the Division prior to the petition to vacate. Employee asserted that this evidence established that the accident occurred and that proper notice was given. The Compensation Court of Appeals denied employee's petition to vacate and employee appealed. Because we believe that the employee has not shown sufficient cause to justify vacation of the order, we affirm.

In separate opinions, the Compensation Court of Appeals offered various reasons

for denying employee's petition. Among these were lack of jurisdiction, laches, and employee's failure to demonstrate that a rehearing would be in the interest of justice. Since we dispose of this case on the basis of the last-mentioned ground, we need not reach the others and we intimate no opinion with respect to them.

At the outset it should be noted that the setting aside of an award and the granting of a new hearing under the Workers' Compensation Act must be for cause and the Commission's determination in such respect is final unless an abuse of discretion clearly appears. *Radzak v. Mercy Hospital,* 291 Minn. 189, 190 N.W.2d 86 (1971). This is especially true where the Commission denies a motion to vacate that is based upon a subsequent discovery of facts which, as here, were in existence when the award was made. *Bomersine v. Armour & Co.,* 225 Minn. 157, 30 N.W.2d 526 (1947). Therefore, the actual question before this court is whether the Workers' Compensation Commission abused its discretion in denying employee's petition to vacate.

Employee contends that the affidavits of Melvin Cordes, Roy Zeverino and Ellis Freeberg attesting to the accident, along with certain medical records constitute new evidence which would materially alter the outcome of a new hearing thus warranting the granting of the petition to vacate. The Commission rejected this contention and we agree. In the first place this evidence was all available at the time of the original hearing. That Mr. Cordes and the others were not called to testify may have been an oversight by employee's original attorney or it may have been based on his judgment that they would not have been helpful to employee's case. In any event, Cordes' testimony is not undisputed and is in fact contradicted by a prior inconsistent statement he made to an insurance investigator in 1973.

The probative value of the medical records appears to be limited. These records merely establish that in 1972 employee listed a work-related fall as the cause of his hip injury. This seems hardly determina-

tive as to either the question of compensability or notice.

It is indeed unfortunate that much of this evidence was not, for whatever reason, introduced at the earlier hearing; nevertheless, its belated introduction does not clearly demonstrate the incorrectness of the earlier decision. Therefore, we do not believe that the Workers' Compensation Court of Appeals abused its discretion by denying employee's petition to vacate and we must affirm.

Affirmed.

TODD, J., took no part in the consideration or decision of this case.