VICKI DRAKE v. S. ALLEN FRIEDMAN.
EDWARD G. NOVAK, COMMISSIONER OF
PUBLIC SAFETY, DEFENDANT IN INTERVENTION,
APPELLANT.

238 N. W. 2d 210.

January 16, 1976—No. 45755.

*Warren Spannaus,* Attorney General, and *Frederick S. Suhler, Jr.,* and *Joel A. Watne,* Special Assistant Attorneys General, for appellant.

*Lynn S. Castner,* for respondent.

Heard before Sheran, C. J., and Rogosheske, Peterson, Kelly, and Yetka, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

The issue for decision is whether, as a matter of statutory construction, a court shall or shall not report to the commissioner of public safety a conviction for violation of Minn. St. 169.121, subd. 1, if the court stays imposition of sentence pursuant to § 169.121, subd. 6. Relevant parts of the statutes are stated below.[1] We hold that a conviction, where imposition of sentence is stayed, shall not be reported.

---

[1] Minn. St. 169.121 provides, in relevant part: "Subdivision 1. It shall be a misdemeanor for any person described in clauses (a), (b), (c) or (d) to drive, operate or be in actual physical control of any vehicle within this state:

"(a) A person who is under the influence of an alcoholic beverage or narcotic drug;

"(b) A person who is an habitual user of narcotic drugs;

"(c) A person who is under the influence of a combination of any two or more of the elements named in clauses (a) and (b) hereof;

"(d) A person whose blood contains 0.10 percent or more by weight of alcohol.

\* \* \* \* \*

"Subd. 3. Every person who is convicted of violation of this section shall be punishable by imprisonment of not less than ten days nor more than 90 days, or by a fine of not less than $10 nor more than $300, or both, and his driver's license shall be revoked for not less than 30 days, except that every person who is convicted of a violation of this section, when such violation is found to be the proximate cause of grievous bodily injury or death to another person, shall be punished by imprisonment for not less than 60 days nor more than 90 days, or by fine

Vicki Drake pled guilty in Hennepin County Municipal Court to two offenses of driving with more than .10 percent blood alcohol, and the court thereafter granted a stay of imposition of sentence. Drake thereupon brought this action in the Hennepin County District Court for declaratory and injunctive relief against defendant, administrator of the Hennepin County Municipal Court. The commissioner of public safety intervened in opposition. The district court granted the declaratory and injunctive relief, prohibiting defendant administrator from making report to the commissioner of public safety. This appeal by the commissioner followed.

Minn. St. 169.95 and 171.16 require that within 10 days following a conviction of violating any law regulating the operation of motor vehicles, the court shall advise the commissioner of public safety of the conviction.[2] The last sentence of Minn.

of not more than $300, or both and his driver's license shall be revoked for not less than 90 days.

"Subd. 4. Every person who is convicted of a violation of this section within three years of any previous conviction under this section shall be punished by imprisonment for not less than ten days nor more than 90 days, and his driver's license shall be revoked for not less than 90 days.

\* \* \* \* \*

"Subd. 6. The court may stay imposition or execution of any sentence authorized by subdivision 3 or 4 upon a medical recommendation and on the condition that the convicted person submit to medical treatment in a suitable public or private institution. A stay of imposition or execution shall be in the manner provided in section 609.135. The court shall report to the commissioner of public safety any stay of execution of sentence granted under the provisions of this section."

[2] Minn. St. 169.95 provides, in relevant part: "Within ten days after the conviction or forfeiture of bail of a person upon a charge of violating any provisions of this chapter or other law, or city ordinance, regulating the operation of vehicles on highways, every magistrate of the court, or clerk of the court of record in which such conviction was had or bail was forfeited, shall prepare and immediately forward to the department of public safety an abstract of the record of the court covering the case in which the person was so convicted or forfeited bail,

4

St. 169.121, subd. 6, and Minn. St. 609.135, subd. 3, which were added by amendment, L. 1971, c. 244, provide that when the court grants a stay of execution of sentence the court shall also report such stay.[3] No express provision is made with respect to reporting stays of imposition of sentence.

Read literally and without regard to any apparent legislative purpose, these statutes would do no more than require a report to the commissioner of all convictions and all stays of execution of sentence. But if this were true, L. 1971, c. 244, which did nothing except direct the court to report stays of execution of sentence to the commissioner, would have accomplished nothing. When the commissioner is notified of a driver's conviction, it appears that he revokes the license of the convicted driver without regard to whether a stay of execution of sentence is granted. Minn. St. 171.17. Thus merely reporting the stay of execution to the commissioner would have no legal effect.

We are not prepared to hold that the legislature enacted this statute without any purpose. We think the legislative intent of L. 1971, c. 244, was to amend the reporting requirements to accomplish the following: (1) When a driver is convicted of violating Minn. St. 169.121 and sentence is imposed and executed, the court will of course report the conviction to the commissioner

which abstract must be certified by the person so required to prepare the same to be true and correct."

Minn. St. 171.16, subd. 1, provides: "Every court, including district, municipal, and justice of the peace courts, having jurisdiction over offenses committed under any law of this state or ordinance of a political subdivision regulating the operation of motor vehicles, shall forward to the department, within ten days, a record of the conviction of any person in the court for a violation of any such laws or ordinances, except parking violations and except defective vehicle equipment or vehicle size or weight violations committed by a licensed chauffeur while driving a vehicle for which a chauffeur's license is required."

[3] Minn. St. 609.135, subd. 3, provides: "The court shall report to the commissioner of public safety any stay of execution granted in the case of a conviction for an offense in which a motor vehicle, as defined in section 169.01, subdivision 3, is used."

of public safety; (2) when a driver is convicted and receives a stay of execution of sentence, the court shall report both the conviction and the stay of execution; but (3) when a driver is convicted and receives a stay of imposition of sentence, the court shall report neither the conviction nor the stay of imposition. Under this reporting scheme, the court may better tailor its disposition of each case to the particular situation presented.

We perceive a legislative purpose in these statutes, without expressing a judgment as to the wisdom of that purpose. On the one hand, as the district court observed, the conditional stay of imposition of sentences and the avoidance of the sanctions of a report to the commissioner of public safety may have the salutary effect of inducing the problem drinker or drug user to enlist in effective programs for correcting his or her underlying problems of alcohol or drug abuse. On the other hand, as the commissioner observes, it impairs the ability of his department to identify those who have repeated violations. Whether we misperceive the legislative intent or whether it is an experiment that may not live up to legislative expectations is, of course, for the legislature to decide.

Affirmed.